## Williams v. Howard.

(Decided February 24, 1922.)

### Appeal from Harlan Circuit Court.

1. Elections—Reversal of Appeal in Primary Contest.—Where a contest proceeding against the successful candidate at a primary election to whom a certificate of nomination was regularly awarded, is decided by the trial court in favor of the contestee, and pending an appeal to this court, he is elected at the final election and that election is not contested within the time allowed therefor, a reversal of the appeal in the primary election contest could not affect the validity of the regular election and would be of no avail to the contestant.

2. Appeal and Error—Moot Questions.—Where pending an appeal an event occurs which of necessity would render ineffectual any judgment which might be rendered, the appeal presents only moot questions and will be dismissed.

HALL, JONES & LEE and JOHN D. CARROLL for appellant.

N. R. PATTERSON and J. S. FORRESTER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Dismissing appeal.

The parties to this appeal were rival candidates for the Republican nomination for the office of county judge of Harlan county at the August, 1921, primary election. Appellee, upon the face of the returns, received 34 more votes than appellant and was awarded the certificate of nomination. Appellant duly filed this contest, alleging fraud and irregularities in four precincts which he sought to have thrown out, and also charged the contestee with violation of the Corrupt Practice Act.

The case has been brought to this court twice heretofore by appellant upon adverse rulings upon preliminary questions and in each instance he secured a reversal. By reason of the delay thus occasioned and the time consumed in the preparation of the case on the merits, the trial was not had until the day before the regular November election, when judgment was rendered on the merits in favor of appellee and dismissing appellant's petition. It is to reverse that judgment that appellant has prosecuted this appeal.

A right of appeal in such cases is granted by statute, but appellee has long since been elected as the nominee of the Republican party at the regular November election, and, since that election was not contested in the time allowed by law he can hold the office regardless of whether or not we might decide, after a consideration of the very voluminous record, he was wrongfully given the certificate of nomination, as was expressly decided in Hardin v. Horn, 184 Ky. 548, 212 S. W. 573.

While it is apparent that appellant has thus been deprived of a statutory right of appeal through no fault of his own, and that he as well as the community has suffered a great injustice, if, as he claims, he has sustained his charges, and although both parties insistently urge us to review the evidence and render a decision thereon, the fact remains that our decision now would be of no force or effect whatever, except as it might arouse feelings of gratification or chagrin to the parties and their partisans.

Such a purpose we must decline to serve, and as the appeal very clearly presents only moot questions (Finley v. Smith, 28 Ky. L. R. 564; Searcy v. Fayette Home Tel. Co., 143 Ky. 811; Winslow v. Gayle, 172 Ky. 126; Benton, Co. Clerk v. Clay, 192 Ky. 497; Wheeler v. Patrick, 192 Ky. 529) it must be and is dismissed.