# Board of Education of Cumberland County v. Jones, County Judge, etc.

(Decided April 28, 1922.)

## Appeal from Cumberland Circuit Court.

Appeal and Error—Judicial Notice of Opinions—Moot Questions.— This court will take judicial notice of its own opinions and will protect itself from the unnecessary consideration of the same question between the same parties seeking the same relief; and when the identical question was determined in a former appeal, a second appeal seeking the same determination will be dismissed upon the ground that there no longer exists an actual controversy as to the matters involved and the question on the second appeal will be considered as moot.

W. E. MILLER and B. L. SIMPSON for appellant.

No brief for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

This equity action was filed in the Cumberland circuit court by the board of education of that county against J. G. Jones, county judge of the county, on June 22, 1920, in which plaintiff sought a mandatory injunction commanding defendant, as chairman of the fiscal court of the county, to call a special session of that court for the purpose of making an additional levy of taxes, in order to meet the requirements imposed by chapter 36, 1920 Session Acts, page 148. A demurrer was filed to the petition, which was sustained, and plaintiff declining to plead further it was dismissed with a sustained prayer by plaintiff for an appeal to this court, which was perfected by filing the transcript with the clerk of this court on September 30, 1920.

On the 10th day of July, 1920, and before the action of the court on the demurrer in the instant case, plaintiff filed another equity suit in the same court against the county judge and the *other* members of the fiscal court of the county, wherein it sought the identical relief as prayed for in the first, or instant case. There was a demurrer filed to the latter petition, which was overruled, and the defendants therein declining to plead, the injunctive relief sought was granted against them, and upon an

appeal to this court the judgment was affirmed in an opinion reported in 191 Ky. 263.

We are, then, presented with the situation wherein the appellant on *this* appeal is seeking an adjudication of the same matters and against the same parties which it obtained *finally* more than one year ago. Just why the demurrer was sustained to the petition in this case, we are not informed, but possibly it was because the fiscal court and its other members were not made parties defendant, which omission, however, furnished grounds for a *special* and not a *general* demurrer. But, whatever the grounds, this court will take judicial notice of its own opinions, and will protect itself from the burden of reconsidering the same questions between the same parties seeking the same relief in another and independent action. Since, therefore, the entire relief sought in this case was obtained through the opinion, *supra,* of this court, the questions now presented became and are moot, there being no actual controversy between the parties but only a pretended one, the former opinion having settled the only actual controversy arising out of the same alleged facts.

Nothing remains, therefore, but to dismiss the appeal, (Benton, County Clerk v. Clay, 192 Ky. 497, and cases therein referred to), and it is so ordered.