## Hudspeth v. Commonwealth.

(Decided September 30, 1924.)

### Appeal from Kenton Circuit Court.

1. Criminal Law—Appeal to Determine Validity of Pardon Presents Nothing to be Considered, where Sentence has been Served.—An appeal from judgment of court on question of validity of pardon will be dismissed, where it appears that accused has served his sentence and has been released; pardon not purporting to do anything further than relieve defendant of sentence.

2. Criminal Law—Will Not Decide Abstract Propositions or "Moot Cases."—Courts will not consume time deciding abstract propositions of law or moot cases, and have no jurisdiction to do so; "moot case" being one seeking judgment on pretended controversy, when there is none in reality, or decision in advance of actual assertion or contest of right, or judgment which could have no practical legal effect on existing controversy.

3. Criminal Law—Event Occurring Pending Appeal, Making Determination Unnecessary, Requires Dismissal of Appeal.—Where, pending appeal, event occurs which makes determination of question unnecessary, or which would render judgment that might be pronounced ineffectual, appeal should be dismissed.

JOHN T. MURPHY and MARTIN J. BROWN for appellant.

FRANK E. DAUGHERTY, Attorney General, OVERTON S. HOGAN, Assistant Attorney General, ORIE S. WARE and EDWARD J. TRACY for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Dismissing appeal.

The appellant, Frank Hudspeth, was tried in the Kenton circuit court and convicted of having spirituous liquors in his possession, his punishment being fixed at a fine of $300.00 and confinement in jail for sixty days.

He took the initial steps to appeal to this court from that judgment, but his appeal was never perfected, and on May 5, 1924, he was committed to the jail of Kenton county to satisfy the jail sentence inflicted upon him, after having paid in cash the amount of the fine imposed. At the time appellant was committed to jail there was pending before the court that tried him a motion for leave to file a pardon from the Governor of Kentucky, which pardoned him of the jail penalty. The Commonwealth objected to the pardon being filed, and, pending the hearing of the motion, filed an intervening petition in which it set forth that the pardon in question had been procured from the Governor by fraud and had been revoked and recalled and was therefore void and of no effect. A great volume of testimony was heard on the question of fraud or no fraud in the procurement of the pardon, and the court below, at the conclusion of the hearing, adjudged the pardon to be void for the reasons indicated. This is an appeal from the judgment of the court below on that question. Many questions are raised for appellant on the appeal.

It appears from the record that appellant has long since served his sixty days in jail and has been released. The sole object sought to be accomplished by filing the pardon in question in this case was to effect the release of Hudspeth from jail and relieve him of serving the jail sentence imposed upon him by the judgment herein. The pardon did not purport to do anything further than relieve appellant of serving this jail penalty. If we should now hold that the court below wrongfully adjudged the pardon to be void but should have ordered appellant released, our opinion in the matter would not and could not afford appellant any relief whatever, because in the meanwhile he has served his full sixty days in jail and is now at liberty.

It is the universal rule that courts will not consume their time in deciding abstract propositions of law or moot cases and have no jurisdiction to do so. A moot case is one which seeks to get a judgment on a pretended controversy when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which when rendered for any reason can not have any practical, legal effect upon a then existing controversy. As falling within that category it is well established that where pending an appeal an event occurs which makes a

determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed. 4 Corpus Juris, page 484, section 2396 and page 589, section 2402; 2 R. C. L., section 145; King v. Tilford, 24 Ky. L. R. 1270; Finlay v. Smith, 28 Ky. L. R. 564; Waller v. Henderson Telephone & Telegraph Co., 101 S. W. 372, 31 Ky. L. R. 39; Benton v. Clay, 192 Ky. 497, 233 S. W. 1041; Williams v. Howard, 193 Ky. 848, 237 S. W. 1062; Logan County Fiscal Court v. Childress, 196 Ky. 1, 243 S. W. 1038; Wheeler v. Patrick, 192 Ky. 529, 233 S. W. 1054; Board of Education of Cumberland County v. Jones, 194 Ky. 603, 240 S. W. 65; Harris v. Lang, 7 L. R. A. (N. S.) 127; Mills v. Green, 159 U. S. 651.

It being patent that a determination by this court of the question presented by the appeal would be wholly ineffectual to afford appellant any relief, regardless of how the questions should be determined, the motion to dismiss the appeal is sustained and the appeal is dismissed. The whole court sitting.