**LOUISVILLE TRANSIT CO., Appellant,**

v.

**DEPARTMENT OF MOTOR TRANS-PORTATION et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 27, 1956.

Bullitt, Dawson & Tarrant, Louisville, Hazelrigg & Cox, Frankfort, for appellants.

J. D. Buckman, Jr., George M. Catlett, Frankfort, Alan N. Schneider, Louisville, for appellees.

WADDILL, Commissioner.

The question presented by this appeal is whether or not the Franklin Circuit Court erred in dismissing the appeal of the Louisville Transit Company from an order entered by the Department of Motor Transportation on September 29, 1952, fixing bus fares in the City of Louisville. The circuit court dismissed the appeal because the court was of the opinion that the issues raised by the appeal were moot. Accordingly our review is limited to this aspect of the case.

On February 29, 1952, the appellant, Louisville Transit Company (hereinafter called Transit), filed an application before the Department of Motor Transportation (hereinafter called Department) for an increase in bus fares to 15 cents cash for a ride with transfer privileges, 12½ cents a token for a ride without transfer and one-half fare for school children. This application was opposed by the appellee, City of Louisville. Lengthy hearings were held upon this application, resulting in an order of the Department rendered on September 29, 1952, allowing an increase in fares less than that sought by Transit. Thereafter, Transit prosecuted an appeal from that order to the Franklin Circuit Court under KRS 281.780 and 281.785.

While that appeal was pending in the Franklin Circuit Court, Transit was confronted with a new union contract which would increase its operating expenses. To avert a strike, Transit yielded to the union's demand, granted a wage raise to its employees and sought an immediate hearing upon its new application for another bus fare increase which it had filed on January 12, 1953, pursuant to an alleged agreement with the City of Louisville.

On February 12, 1953, the hearing began on Transit's new application for a fare increase. At the opening of this hearing the Commissioner of Motor Transportation stated:

"This hearing is on the application of the Louisville Transit Company for an increase in its fares, sufficient only to off-set the additional expenses which the Company will incur as a result of the new wage contract with its employees, * * *.

* * * * * *

"I should like to state for the record that this hearing, or the Final Order entered as a result of this hearing, will not in any way prejudice any party in regards to the appeals * * * now pending in the Franklin Circuit Court."

However, the concluding part of the Commissioner's statement is not binding either on the circuit court or this court.

On February 13, 1953, following the completion of the hearing, the Department entered an order fixing Transit's fares at 15 cents cash for a ride plus transfer, and 12½ cents per token for a ride without transfer. No appeal was prosecuted from that order.

On March 30, 1954, the City of Louisville filed a motion in the Franklin Circuit Court to dismiss as moot Transit's appeal from the Department's order of September 29, 1952. In support of the motion it was urged that the Department's order of February 13, 1953, had fixed Transit's fares at the amount sought by Transit in 1952, and inasmuch as Transit was now collecting the fares contended for on the appeal, a judgment if rendered in favor of Transit on the merits of the case would not have any practical legal effect upon the controversy. The circuit court sustained the motion, and dismissed the appeal.

■ On the appeal to this Court Transit concedes that it is collecting the fares it sought from the Department in 1952, and that it had received a net income from its operations of more than $514,000 in 1953 which represented the approximate amount it had claimed was essential for it to earn in its 1952 application for a fare increase. In view of these admissions this Court will not concern itself with Transit's assertion that appellees violated a purported agreement not to inject these matters into this present controversy.

■ Numerous contentions are urged by Transit to induce this Court to reverse the judgment and remand the case to the circuit court for a determination of the merits of the controversy. However, the sole object sought to be accomplished by Transit's appeal was in fact effected as a result of the subsequent fare increase granted by the Department in 1953. Nothing is involved now in this case but some abstract propositions of law.

■ It is the universal rule that courts will not consume their time in deciding moot cases, and have no jurisdiction to do so. Hudspeth v. Commonwealth, 204 Ky. 606, 265 S.W. 18; and the fact that the question involved is of public importance does not change the rule. Benton v. Clay, 192 Ky. 497, 233 S.W. 1041; 4 C.J.S., Appeal and Error, § 40b, p. 118.

■■ A moot case is one which seeks a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical effect upon a then existing controversy. Hudspeth v. Commonwealth, 204 Ky. 606, 265 S.W. 18; Benton v. Clay, 192 Ky. 497, 233 S.W. 1041. As falling within that category it is well established that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed. Hudspeth v. Commonwealth, 204 Ky. 606, 265 S.W. 18; Logan County Fiscal Court v. Childress, 196 Ky. 1, 243 S.W. 1038; Board of Education of Cumberland County v. Jones, 194 Ky. 603, 240 S.W. 65; Williams v. Howard, 193 Ky. 848, 237 S.W. 1062; Wheeler v. Patrick, 192 Ky. 529, 233 S.W. 1054; King v. Tilford, 70 S.W. 1064, 24 Ky.Law Rep. 1270; 4 C.J.S., Appeal and Error, § 1362.

It being patent that a determination by the circuit court of the questions presented by the appeal would be wholly ineffectual to afford Transit any practical relief, the motion to dismiss the appeal was correctly sustained. It follows, therefore, that the circuit court did not err in entering a judgment dismissing the appeal.

Judgment affirmed.