**ASHLAND LUMBER COMPANY, Inc.,
et al., Appellants,**

v.

**Charles R. WILLIAMS et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 21, 1966.

Rehearing Denied March 24, 1967.

H. David Hermansdorfer, Diederich & Hermansdorfer, Ashland, for appellants.

James L. Ford, pro se.

A. T. Bryson, Jr., C. B. Creech, Ashland, for appellees.

CULLEN, Commissioner.

Appellants, Ashland Lumber Company and Pennco, Inc., manufactured aluminum windows and doors in a factory building in Ashland, Kentucky. The district in which the building was located was zoned residential, and the appellants' use was a nonconforming one, permitted to continue because it predated the zoning. In 1964 the appellants obtained from the building inspector a building permit to erect another building on the premises. Protests by owners of residences in the district, not initiated until the new building was substantially completed, resulted in a revocation of the permit by the Board of Adjustment, an appeal to the circuit court from that action, and the filing of two independent lawsuits in the circuit court, one by the appellants and the other by the protesting neighbors. All of the proceedings were consolidated and a judgment was entered requiring the building to be removed within one year. The appeal here is from that judgment.

The appellants do not contend that the new building does not violate the zoning regulations, or that it may be maintained as a nonsubstantial departure from the original nonconforming use. They place their entire reliance upon the building permit, and argue that because no proper appeal was taken from its issuance, and because they acted in good faith, and because the neighbors did not protest promptly, the building should be allowed to stand.

We think that, unfortunately, the appellants' reliances were badly misplaced. In the beginning, they discussed the matter with the city manager and the city attorney and chose to give weight to the latters' opinions that the new building would be permissible as a mere continuation of the nonconforming use. There was no justification for any reliance there, because the city manager and city attorney had no authority at all to make decisions in zoning matters.

Next, the appellants proceeded to treat the building permit as some kind of final decision by proper authority that their proposed building would not violate the zoning regulations. Again there was no justification for reliance, mainly because the building inspector has no power or authority to make such decisions. See Goodrich v. Selligman, 298 Ky. 863, 183 S.W.2d 625. If the inspector issues a permit for a use that violates the zoning regulations the permit is no protection and its issuance does not estop the city from enforcing the regulations. Attorney General v. Johnson, Ky., 355 S.W.2d 305.

The appellants argue that the Board of Adjustment had no authority to revoke the building permit because (1) there was no provision in the ordinance for appeals from the *granting* of a permit and (2) if such appeals be considered to be governed by the provisions in the ordinance for appeals from the *denial* of a permit the appeal here was too late (not within 60 days). In our opinion this is all irrelevant because, regardless of what was done or not done by the Board of Adjustment, the circuit court had jurisdiction in the independent action brought by the neighbors to hold that the new building was in violation of the zoning regulations. KRS 100.980. However, we shall say that as we understand the zoning law it does not contemplate that neighbors ever are required, as a procedural prerequisite to relief, to appeal from the granting of a building permit. One simple reason why this is so is that the

neighbors do not receive notice of the issuance of the permit.

■ The argument that the appellants acted in good faith is not convincing since they chose to ignore the zoning officials who did have authority in the matter, and instead they depended on two people with no authority at all in the matter, the city manager and city attorney, and one person who had mere ministerial functions, the building inspector. A few years previously the appellants had been required to obtain a court decision in order to build an open roof over part of their lot, so they were not ignorant of zoning requirements. Furthermore, if the appellants in good faith thought that the absence of an appeal from the issuance of the building permit gave them full clearance, they must have thought that there was an extremely short limit on the time for an appeal because they poured concrete within 25 days after the permit was issued and erected the structural steel within 44 days.

The appellants maintain that the neighbors should be estopped from seeking relief because they stood by and did nothing until the building was 90 percent finished. The evidence was that concrete footings were poured on December 7, and concrete blocks were delivered to the job on December 21, but the structural steel was not erected until December 28. Effective steps to stop the work were not commenced by the neighbors until January 25.

■ Considering the facts that concerted effort by a group of property owners naturally is slow in getting organized, and that a few years previously the appellants had been permitted by court order to build an open roof over part of their lot and it may not have been apparent in the early stages of the instant construction that a complete building was going up, we cannot conclude that the comparatively short period that elapsed here was such as to give rise to an estoppel. Furthermore, the good faith of the appellants is not so clearly shown as to require the conclusion that their proceeding with the construction of the building was in reliance rather than in gamble, upon absence of protest.

The appellants will suffer a substantial loss. However, we cannot escape the belief that they took a deliberate gamble, hoping to get away with the erection of a building which now they do not even suggest was permissible under the zoning regulations.

The judgment is affirmed.