(1) the police were not investigating any particular crime;

(2) the police had no information respecting the car or its occupants;

(3) there is no showing in the record that the police had been informed of suspicious activities in the vicinity of the pool hall at the time of Nicholas' arrest, aside from their general knowledge that the area was highly trafficked in narcotics;

(4) the police observed the car for a very short time, during which time Sims sat quietly until Nicholas came out of the pool hall and entered the car;

(5) the hour, 11:15 p. m., was a reasonable hour for individuals to be abroad on the streets on a June evening;

(6) Nicholas and Sims were black men in a predominantly black area;

(7) the fact that a car has out-of-state license plates does not, of itself, indicate criminal activity.

448 F.2d at 624–625.

In consequence,

It is hereby ordered that the instant motion of the defendant Gregory Carter to suppress be and is sustained and the subject tape deck equipment and the subject admissions of the defendant are hereby ordered suppressed as evidence.

**John E. WISE, Individually and on behalf of all others similarly situated,**
**Plaintiff,**

v.

**UNITED STATES of America and United States Army Corps of Engineers,**
**Defendants.**

**Civ. A. No. 7699–G.**

United States District Court,
W. D. Kentucky,
Louisville Division.

Nov. 21, 1973.

Franklin S. Yudkin, Louisville, Ky., for plaintiff.

George J. Long, U. S. Atty., Louisville, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

ALLEN, District Judge.

This action is submitted to the Court on the motion of the defendants to dismiss the complaint, or in the alternative for summary judgment. Attached to the motions are the affidavits of Jay D. Luse and J. Ward Vandegrift. Plaintiff has responded to the motions by a memorandum filed on October 16, 1973.

It appears from the record that plaintiff owns real estate located in southern Indiana. The defendant, United States of America, through its agent, United States Corps of Engineers, is in charge of and directs the acquisition of land for the development of an installation to be known as the Patoka River Reservoir in southern Indiana. This project is directed by the Louisville District Corps of Engineers.

On or about December 15, 1972, the defendants asked permission of the plaintiff to go upon his land, which lies within the scope of the reservoir project, for the purpose of appraising the property. Plaintiff contends that when he granted permission for such entry, that he was promised by the representative of the Corps that copies of any appraisals made of the property would be furnished to plaintiff when completed by the appraiser on or about the 10th day of January, 1973.

On March 7, 1973, plaintiff wrote to Mr. J. Ward Vandegrift, Project Manager, Louisville District Corps of Engineers, at Paoli, Indiana, complaining that on the previous day he had been in the Paoli office of the Corps of Engineers and had been refused the right to see the appraisal until it was reviewed by the government.

On March 20, 1973, Fred Morgan, Chief of the Real Estate Division, Corps of Engineers at Louisville, wrote plain-

tiff and advised him that the government would not be able to supply plaintiff with the appraisals made on behalf of the government. He also stated that plaintiff would be provided with the written statement of and summary of the basis for the amount established as just compensation.

The complaint makes class allegations as to persons who are having their land taken by the defendants for the construction of the reservoir, and asks that a class action order be entered. The complaint also alleges the plaintiff will suffer great and irreparable harm unless he is permitted to see the appraisals, and that his Fifth and Fourteenth Amendment rights would be denied. He then asks for an order restraining defendants from entering upon his property or any other property belonging to members of the alleged class, and that he have free access to copies of appraisals made of the property before the government reviews and revises the appraisals. He also asked for declaratory relief and an order of mandamus to effectuate the request made in the prayer for disclosure of all appraisals.

Plaintiff relies on 42 U.S.C. § 4651 enacted in 1971 which, in essence, provides that before the initiation of negotiations for real property, the head of the concerned federal agency shall establish what he believes to be just compensation and make a prompt offer to the owner to acquire the property for the full amount to be so established. In no event is the amount to be less than the approved appraisal made on the property, and the agency head must provide the real estate owner with a written statement of and summary of the basis for the amount he establishes as just compensation.

■ 42 U.S.C. § 4602 provides, in substance, that 42 U.S.C. § 4651 creates no rights or liabilities and does not affect the validity of any property acquisitions by purchase or condemnation. The plain wording of the statutes above is persuasive that the Corps of Engineers is not required to furnish to the real estate owner a full appraisal report submitted to it by its appraisers. It is, however, required to furnish the owner with a written statement of the basis for the amount established as a just compensation and a summary of that basis.

Interestingly enough, the Act vests in the head of the agency the power to offer the landowner more than the appraisals indicate to be the value of the property, but make it mandatory to offer at least the value affixed by the appraiser.

In the instant case, the head of the Corps of Engineers has established by letter dated August 17, 1973, just compensation for the 87.67 acres belonging to plaintiff and Mr. and Mrs. Paul Miller at $25,150. The letter than reads in part as follows:

"This amount is based upon, and is not less than, the valuation developed by an approved appraisal of the property. This appraisal was made by a qualified real estate appraiser using standard real property appraisal techniques and taking into consideration the value of the land, its location and highest and best use, as well as any improvements on the land. In the case of this tract, the approval has been made on the basis of information gleaned from aerial photos and by viewings from neighboring properties, since you had refused the reviewing appraiser permission to go on the premises."

■■ The language of 42 U.S.C. § 4651 does not entitle plaintiff to a copy of the appraisal of his property, which was made by Mr. Luce, the appraiser who went over the property in company with Mr. Wise. As has been stated in several cases where a plaintiff seeks mandamus, he must prove three elements: (1) a clear right of plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act

in question; and (3) that no other adequate remedy is available. Yahr v. Resor, 339 F.Supp. 964 (D.C.E.D.N.C. 1972).

Insofar as plaintiff's contentions seem to be based on the theory that the government has refused to comply with its agreement to turn over an appraisal report to the landowner, the cases hold that suits for specific performance against agents or an agency of the United States cannot be maintained. See White v. Administrator of General Services Administration of United States, 343 F.2d 444 (9th Cir. 1965), and Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 704, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). However, although defendants' motion for summary, at this point, based on the pleadings is well taken, the Court believes that the plaintiff should be allowed to file an amended complaint stating, in essence, that the information furnished them by the government and the Corps of Engineers is not in compliance with 42 U.S.C. § 4651(3), insofar as it does not advise the landowner in sufficient detail of the basis for the offer that is being made. The Court, at this time, expresses no opinion as to what would constitute a compliance by the Corps of Engineers in this regard, but reserves such determination until an appropriate time.

The Court is aware of the fact that plaintiff is purporting to bring a class action on behalf of other landowners similarly situated in the project about to be condemned by the defendants. Because the Court has concluded that the individual plaintiff is not entitled to relief on the pleadings as they now stand, but is of the opinion that he may well be entitled to some relief under an amended complaint, the Court has deferred any action on entry of a class order until such time as the amended pleadings and answers thereto are filed.

In conclusion, the motion for summary judgment on the pleadings as they now stand is granted, provided the plaintiff is given 20 days in which to amend his complaint to state a cause of action pursuant to the grounds outlined in the Court's opinion.

It is so ordered.