**Stanley A. STRATFORD Pro Se, Appellant,**

v.

**Tom CROSSMAN and Paul D. Winters, Appellees.**

Court of Appeals of Kentucky.

Aug. 26, 1983.

Stanley A. Stratford, pro se.

Allen Prewitt, Jr., and Edwin Logan, Frankfort, for appellees.

Before LESTER, MILLER and PAXTON, JJ.

MILLER, Judge.

Appellant, Stanley A. Stratford, brings this appeal from the refusal of the Franklin Circuit Court to issue a writ of mandamus to appellees, Paul D. Winters and Tom Crossman, the building inspector and city zoning enforcement officer, respectively, of the City of Frankfort, Kentucky. The dispute emanates from the development of a 21-acre tract of land at the intersection of Shenkel Lane and Ridgeview Drive in Frankfort, Kentucky. The development was to result in a "planned shopping center" to be known as Ridgeview Estates

Shopping Center (referred to as Ridgeview) all in conformance with the B–6 classification under City Zoning Ordinance. Of course, the development was subject to the entire zoning program of the city of Frankfort. Litigation surrounding Ridgeview has occupied the trial and appellate courts for nearly 10 years. This is but another facet but will require some reference to prior judicial determinations affecting the shopping center. These prior decisions were addressed to complexities surrounding developer's failure to comply with Frankfort's zoning ordinances.

Appellant, Stratford, is the owner of certain residential property upon which is located "townhouse" apartments directly across the street (Ridgeview) from the shopping center tract. He alleges in his petition that the appellees, Winters and Crossman, have permitted a certain "tavern" to be constructed, occupied, and operated upon the shopping center tract all in violation of the Frankfort zoning ordinances and especially those regulations pertaining to B–6 zoning. The appellant claims the violations are injurious to him as owner of the townhouse complex and seeks to have appellees abate the violations as a part of their official duty. The tavern is apparently owned by Statehouse, Inc. and operated under the name of Lock, Stock & Barrel Tavern, at municipal street address 700 Ridgeview Drive, Frankfort, Kentucky. From prior decisions which are a part of the record herein and of which we would otherwise be bound by judicial notice [*Dix v. Carmack*, 273 Ky. 844, 117 S.W.2d 1036 (1938), and *Board of Education of Cumberland County v. Jones*, 194 Ky. 603, 240 S.W. 65 (1922)], we have gleaned that the "tavern" is in fact in violation of the Frankfort zoning ordinances.[1] Both the lower and appellate courts have so held. We need not discuss the violations as the question we are called upon to determine is whether the

---

1. The appellees make same contention that Frankfort's zoning laws do not require a Certificate of Occupancy by the local building inspector when a Certificate of Occupancy has been issued by the Department of Housing, Buildings and Construction of the Commonwealth of Kentucky pursuant to KRS 198B.060. This contention is unsound. While the objectives may in some cases overlap, the aims of the state and the local enforcement officials are not co-extensive. Nor, does the state's purpose include all local objectives.

trial court erred in refusing to issue a writ of mandamus directing appellees to fulfill the functions of their offices. The writ was denied by the trial judge for reasons "that the necessary pre-requisites to entitle the plaintiff to such mandamus do not lie." In overruling appellant's motion for findings of fact, the trial judge stated it was his opinion that the plaintiff (appellant) "was not entitled to the relief sought, principally because there were other proper remedies available and there was no showing of irreparable injury." We know of no other remedies available to appellant. Nor, have we been directed to any such remedies by the lower court or counsel. This matter has been in controversy many years. The tavern has been held in violation of zoning ordinances. In fact, appellant insists, and we believe he is sustained by the record, that the builders of the tavern knew of probable zoning violations before completion of the building. *Cf. Ashland Lumber Company v. Williams,* Ky., 411 S.W.2d 909 (1966). To be sure, the appellees are responsible for the enforcement of the zoning ordinances. Article 5 of the zoning regulations provides in relevant part as follows:

5.1 (T)he Planning Director, Zoning Enforcement Officer and/or the Building Inspector of the City of Frankfort *shall* administer and enforce this Zoning Regulation. * * * (H)e *shall* order discontinuance of illegal use of land, buildings, or structures; . . . and *shall* take or cause to be taken any other action authorized by this Zoning Regulation to insure compliance with, and to prevent violations of, the provisions hereof. (Emphasis added).

5.3 *Certificate of Occupancy Required* Except as allowed in Article 3.6 (Agricultural Land) No person shall use or permit the use of any structure or premises or part thereof * * * until a certificate of occupancy shall have been issued by the Building Inspector. Such certificate shall show that the structure or use, or both, or the premises, or the affected part thereof, are in conformity with the provisions of this Zoning Regulation. It shall be the duty of the Building Inspector * * * to withhold such certificate unless all re-

quirements of this Zoning Regulation have been met.

■ The appellant is not required to show irreparable injury to obtain a writ. Nor, is he required to show pecuniary damage. *See Parker v. Rash,* 314 Ky. 609, 236 S.W.2d 687 (1951). In *Fiscal Court of Cumberland County v. Board of Education of Cumberland County,* 191 Ky. 263, 230 S.W. 57, 60 (1921), we note the following statement:

Upon an application for such writ [mandamus] the questions which usually arise are: (1) Is there a duty imposed upon the officer; (2) is the duty ministerial in its character; (3) has the petitioner a legal right, for the enjoyment, protection or redress of which the discharge of such duty is necessary; (4) has he no other and sufficient remedy; and (5) in view of the fact that the issuance of the writ is not always a matter of right, are the circumstances of the case such as will call forth the action of the court?

In *Wise v. United States,* 369 F.Supp. 30, 32–33 (W.D.Ky.1973), the court stated:

As has been stated in several cases where a plaintiff seeks mandamus, he must prove three elements: (1) a clear right of plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) that no other adequate remedy is available.

■ Our state has recognized mandamus to be an appropriate remedy in bringing about a decision upon zoning issues. *See McKinstry v. Wells,* Ky.App., 548 S.W.2d 169 (1977). Indeed, without mandamus, a private citizen would be helpless at the hands of public officials who for one reason or another chose not to enforce the zoning ordinances. Mandamus is needed to meet the requirement of the public and to insure that the courts can dispense full and complete justice. In *Garrou v. Teaneck Tryon Co.,* 11 N.J. 294, 94 A.2d 332, 337 (1953), the court stated:

Other jurisdictions have recognized the wholesome rule that in appropriate situations mandamus will lie to compel munici-

pal officials to enforce ordinances, zoning and others, provided the plaintiff's right and the defendant's duty are clear and other adequate relief is unavailable. (Citations omitted). We consider the rule to be fully applicable in our State; indeed, any more limited concept would fail to meet the needs of our times, would disable our courts from doing complete justice though the particular circumstances be ever so compelling, and would seriously reflect on our advanced judicial administration.

Our jurisdiction is firmly committed to the rule that a citizen has a right to have his neighbors obey the zoning regulations. *See Ashland Lumber, supra,* and *Parker, supra.*

One of the bases for denial of the writ was that appellant had other remedies. As we have previously indicated, there appears to be no other remedies for the inactivity of the zoning officials in enforcing the zoning regulations. Nor, have we been directed to any available remedy by the trial court or counsel.

As officeholders, the appellees are bound to perform the duties of their respective offices, however distasteful or onerous those duties may be. The success of our system rests in a large part upon public reliance in public officials performing the duties of their office. Courts are duty bound to sustain this confidence when mandamus is appropriate. Of course, mandamus will not direct how a public official should act or the result to be obtained. *See McKinstry, supra.* Mandamus will only compel the public official to fulfill his duty by acting upon the matters presented to him. It is presumed that he will act according to law, with the availability of the law in achieving the performance of the responsibilities of his office. If he fails to act after being commanded to do so, he is, of course, subject to the power of the court and redress by offended citizens.

We are not unmindful of the sometime painful task involved in fulfilling public duties, however this is a burden to be borne by officeholders if the integrity of our system is to survive. The practice of commanding obedience to zoning regulation rests upon enormous precedent. *See Ashland Lumber Company, supra; Harrison v. Building Inspector of Braintree,* 350 Mass. 559, 215 N.E.2d 773 (1966); *Sunderland v. Building Inspectors of North Andover,* 328 Mass. 638, 105 N.E.2d 471 (1952); 82 Am. Jur.2d, *Zoning & Planning* § 249 (1976); and Anderson, 4 *American Law of Zoning* 2d § 26.07 (1977).

There is considerable thought, not without some merit, that zoning laws are an undesirable adjunct of modern society. Therein probably lies the basis for their sometimes lackadaisical enforcement. But, however undesirable zoning laws may be, like all other laws, they must be obeyed. If they are not obeyed, the law prescribes a remedy. KRS 24A.110; and 82 Am.Jur.2d, *Zoning and Planning* § 248 (1976).

We hold that the trial court was in error in failing to issue the writ. This cause is reversed and remanded with directions to issue the writ of mandamus.

All concur.