**Robert CHOATE, Movant,**

v.

**KOORSEN PROTECTIVE SERVICES, INC. and Sexton Fire Protection, Inc., Respondents.**

No. 96–SC–131–I.

Supreme Court of Kentucky.

Aug. 29, 1996.

## OPINION AND ORDER

This appeal arose from the Court of Appeals affirmance of a temporary restraining order (TRO) issued by the Jefferson Circuit Court. The TRO was set aside by order of the Chief Justice, rendered March 7, 1996, pending full review by this Court. We now dismiss this appeal as moot.

Respondent Koorsen filed the underlying action against Choate, on August 2, 1995, for injunctive relief and monetary damages. The action alleged a breach, by Choate, of a non-compete agreement Choate entered into with respondent Sexton. The Choate–Sexton contract was assigned, without Choate's consent, to Koorsen when it purchased Sexton. Choate did, in fact, go to work for Hampton–Cross, following the sale of Sexton to Koorsen.

Koorsen's initial motion for a restraining order was denied on August 15, 1995. On October 5, 1995, Koorsen amended its complaint and added Sexton as a co-plaintiff. On October 11, 1995, the plaintiffs moved again for a temporary restraining order.

Plaintiffs sought to restrain Chaote from working in the fire protection business, based of course, on the non-compete contract he had signed with Sexton. It was alleged that Sexton, Hampton–Cross and Koorsen all were competitors in the fire protection business. Following a hearing, a successor circuit judge granted the temporary injunction on January 10, 1996.

Choate appealed to the Court of Appeals which issued a temporary stay of the Order, pending a decision by a full panel of that court. Subsequently, by a vote of 2–1, the Court of Appeals reinstated the temporary injunction.

Choate appealed to this Court seeking dissolution of the temporary injunction. The full Court heard oral argument on the sole issue of whether the TRO was properly issued. We now dismiss this appeal as moot. We do not reach the question of whether a non-compete agreement is assignable. That issue is still pending and alive for review on direct appeal.

It is uncontested that Choate terminated his employment under the contract on May 27, 1995. The non-compete contract prohibited Choate from engaging in the fire protection business "for a period of 12 months immediately following termination of employment, whether voluntary or involuntary." At this point in time, Choate has not been employed by Sexton under this contract for over a year. Any decision by this Court would be meaningless. It is well established that this Court is "required to dismiss an appeal where the reversal would not accomplish any result, or where the affirmance would benefit no one." *Brown v. Baumer*, 301 Ky. 315, 191 S.W.2d 235, 238 (1945).

Furthermore, respondents' motion for leave to file a supplemental brief is denied.

For the foregoing reasons, this appeal is dismissed as moot.

All concur.

ENTERED: August 29, 1996.

　　　　/s/ Robert F. Stephens
　　　　　　Chief Justice