WELLFORD, Circuit Judge,
dissenting.
This is a difficult case and my brothers would reverse and remand to the district court for further proceedings. I respectfully differ. I am persuaded that the best course, in light of the uncertainties that exist in this area of the law in Kentucky, is to certify this legal question to the Kentucky Supreme Court:
Is the non-competition agreement in this case between MedEcon and its employee, Kethan, assignable to the plaintiff company (a third party), in the absence of Kethan’s consent?
I do not agree with the majority opinion that the district court “held that non-competition clauses are not assignable in Kentucky.” Rather, the essence of the district judge’s holding was this:
[T]he non-compete agreement and the confidentiality clause applied only to Me-dEcon and ..., under W.R. Grace, they were not assignable to MedEcon to MHA without the employee’s consent. Reinforcing this notion is the Keth-an/MedEcon agreement’s inclusion of a requirement that all contract modifications must be written. No such writing occurred here; thus, MedEcon did not assign the covenant to compete or confidentiality clause to MHA.
(emphasis added.)
The majority holds that “a non-competition clause is assignable in Kentucky.” It adds that [tjhere is only one case in Kentucky that addresses this issue,” Choate v. Koorsen Protective Servs., Inc., 929 S.W.2d 184 (Ky.1996). We are in agreement that this particular Kentucky Supreme Court decision did not determine the answer to the assignability issue (and certainly not to the issue I would certify to that Court). Pertinent to the issue was the unpublished decisions of the Kentucky trial court and the Court of Appeals which noted no controlling Kentucky authority on the question of necessity of consent to a purported assignment by the employee.
I dissent, accordingly, in favor of certification under the circumstances.