RENDERED: SEPTEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000986-MR

CONNIE DALE BAKER                                   APPELLANT

                       APPEAL FROM BOYLE CIRCUIT COURT
v.                      HONORABLE DARREN W. PECKLER, JUDGE
                           ACTION NO. 92-CR-00089

COMMONWEALTH OF KENTUCKY                       APPELLEE

<u>OPINION</u>
<u>DISMISSING</u>

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

CALDWELL, JUDGE: Connie Dale Baker seeks review of an order denying relief on a motion he filed pursuant to Kentucky Rules of Criminal Procedure (RCr) 10.10 and another motion seeking to withdraw a guilty plea he entered in 1993. As this Court lacks jurisdiction, an indispensable party was not named, and this matter is moot, we dismiss.

## FACTS

Connie Dale Baker was tried and convicted of various felony offenses in the Boyle Circuit Court in 1993 and was sentenced to a total concurrent sentence of imprisonment for life without the benefit of parole for twenty-five years. On direct appeal, the Kentucky Supreme Court affirmed his convictions and sentences.

As he neared having served twenty-five years and was anticipating parole eligibility, Baker was informed by the Department of Corrections that he would not be eligible for some additional twelve years as the parole eligibility of his various sentences must be "stacked." He filed various challenges to this incorrect interpretation, amongst them the motions on appeal in the instant case—a motion to withdraw his guilty plea and a motion to correct a clerical error pursuant to RCr 10.10.

During the pendency of this matter, Baker actually received the relief he sought here when another pleading he had filed in the Franklin Circuit Court, a petition for declaration of rights, caused the Department of Corrections to conduct an audit of his parole eligibility calculation which resulted in identification of the calculation error. Baker was given a parole hearing in August of 2019, at which time parole was deferred for sixty months.

# ANALYSIS

## 1. Mootness

When during the pendency of an appeal, circumstances change such that the relief sought via the appeal is superfluous or otherwise granted, such as here, the appeal becomes moot.

> The general rule is, and has long been, that "where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed." *Louisville Transit Co. v. Dep't of Motor Transp.*, 286 S.W.2d 536, 538 (Ky. 1956); *Choate v. Koorsen Protective Services, Inc.*, 929 S.W.2d 184 (Ky. 1996); *Commonwealth, Kentucky Bd. of Nursing v. Sullivan Univ. Sys., Inc.*, 433 S.W.3d 341 (Ky. 2014).

*Morgan v. Getter*, 441 S.W.3d 94, 99 (Ky. 2014).

We take judicial notice of the declaratory rights petition and the resultant order of the Franklin Circuit Court.[1]  As recited in that Franklin Circuit Court order, the Department of Corrections caused an audit to be conducted of Baker's parole eligibility upon receipt of the declaratory rights petition, which resulted in the correction of the error he sought.  Because the relief he requests here was already received by him, this action is moot.

---

[1] 19-CI-00157, Franklin Circuit Court, Division II.

## 2. Lack of Jurisdiction

The circuit court was without jurisdiction to entertain either of the motions filed by Baker. RCr 8.10 requires that a motion to withdraw a guilty plea be filed between the entry of the plea and the entry of final judgment; "[a]t any time *before judgment* the court may permit the plea of guilty . . . to be withdrawn and a plea of not guilty substituted." (Emphasis added.) Of course, a circuit court loses jurisdiction ten days after entry of the judgment and no longer is imbued with jurisdiction to consider such a motion. Kentucky Rules of Civil Procedure (CR) 52.02.

There was no clerical error which needed correction; a clerical error involves an apparent error, such as an incorrect or missing date, a transcribing error, or a mathematical error when calculating a judgment.[2] There was no error of any sort in the judgment. All error was in the Department of Corrections' interpretation, not within the judgment. Again, as there was no error, clerical or otherwise, in the judgment, the circuit court was without jurisdiction of any sort to modify the judgment some twenty-six years after its entry.

As the circuit court had no jurisdiction, this Court is likewise without jurisdiction. "As the trial court did not have jurisdiction to adjudicate Appellant's

---

[2] *See Machniak v. Commonwealth*, 351 S.W.3d 648, 652-54 (Ky. 2011).

motion, this Court is similarly without jurisdiction to hear any appeal therefrom." *Bush v. Commonwealth*, 236 S.W.3d 621, 623 (Ky. App. 2007).

### 3. Indispensable Party

Failure to name an indispensable party, to wit, the Department of Corrections in this matter, requires dismissal of the action, and it was error for the circuit court not to so dismiss. Because the relief that Baker was seeking was an order instructing the Department of Corrections to find he had become parole eligible, the Department must have been a named party.

In *Mason v. Commonwealth*, on direct appeal the Appellant raised several errors related to trial and sentence. 331 S.W.3d 610 (Ky. 2011). In discussing a sentencing error, the Supreme Court noted that it appeared the Department of Corrections might have improperly classified the Appellant and incorrectly calculated his parole eligibility. In holding that such error did not involve the judgment of the circuit court, but rather the post-judgment decision-making of the Department of Corrections, the Supreme Court stated,

> it is beyond dispute that a court generally should not issue an opinion or judgment against an entity that is not a party to the action or is not otherwise properly before the court. We decline, therefore, to order the Department of Corrections—which has not been made a party to this appeal and is not properly before us to either defend its action or to confess error—to take any affirmative action with regard to Mason's offender classification or parole eligibility.

-5-

*Id.* at 629.

Thus, the same result here. Parole eligibility determinations are the purview of the Department of Corrections, and, thus, they were an indispensable party in this action challenging the determination of Baker's parole eligibility. "It is well-established that failure to name an indispensable party in the notice of appeal results in dismissal of the appeal." *Slone v. Casey*, 194 S.W.3d 336, 337 (Ky. App. 2006). Even if the other previously identified impediments to this litigation were absent, this failure to include an indispensable party would require dismissal.

## CONCLUSION

We find that this matter is moot as the declaration of rights contemporaneously filed by Baker successfully brought him the relief he sought in the circuit court. We find that the circuit court had no jurisdiction to consider the motions filed therein, and therefore this Court has no jurisdiction. Lastly, we find that Baker failed to include an indispensable party when he did not name the Department of Corrections. All of the above require dismissal. Therefore, we hereby dismiss this appeal.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Connie Dale Baker, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky