# Supreme Court of Kentucky

2021-SC-0164-MR

ALAN HUMMEL                                                                          APPELLANT

v.
ON APPEAL FROM COURT OF APPEALS
NO. 2020-CA-1475
KENTON CIRCUIT COURT NO. 06-CR-00580

GREGORY M. BARTLETT                                                                 APPELLEE

AND

COMMONWEALTH OF KENTUCKY                              REAL PARTY IN INTEREST/
APPELLEE

## ORDER DENYING PETITION FOR REHEARING

The Petition for Rehearing filed by the Appellant of the Opinion of the Court rendered December 16, 2021, is DENIED. That Opinion is, however, modified and replaced by the attached Opinion.

All sitting. All concur.

ENTERED: June 16, 2022

_____
CHIEF JUSTICE

# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: DECEMBER 16, 2022
MODIFIED: JUNE 16, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0164-MR

ALAN HUMMEL                                                          APPELLANT

v.

ON APPEAL FROM COURT OF APPEALS
NO. 2020-CA-1475
KENTON CIRCUIT COURT NO. 06-CR-00580

GREGORY M. BARTLETT                                                  APPELLEE

AND

COMMONWEALTH OF KENTUCKY                   REAL PARTY IN INTEREST/
                                                                    APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Alan Hummel appeals to this Court from the Court of Appeals' order that denied as moot his application for a writ of mandamus to compel the trial court to rule on his post-conviction motions, the trial court having ruled on Hummel's motions during the pendency of the writ action. We affirm the Court of Appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The trial court entered judgment in 2010, sentencing Hummel to life in prison following his conviction for first-degree rape, third-degree rape, and for being a second-degree persistent felony offender. In July 2020, Hummel filed

post-conviction motions.  Four months later and before the trial court ruled on these motions, Hummel filed a motion to compel a ruling on those motions.  In December 2020, Hummel filed this original action in the Court of Appeals, seeking a writ of mandamus to compel the trial court to rule on his pending post-conviction motions.

In February 2021, before the Court of Appeals ruled on Hummel's pending writ petition, the trial court entered an order disposing of Hummel's post-conviction motions.  Because the trial court's ruling disposed of the matter in controversy, the Court of Appeals dismissed as moot Hummel's pending writ application.  He now appeals that decision to this Court.

## II. ANALYSIS

We agree with the Court of Appeals that Hummel's writ request is moot. Before this Court reaches the merits of any issue raised, it must ask whether the issue is justiciable.[1]  One requirement of justiciability is that the issue must be live.[2]  Generally speaking, when an appeal is pending and an event occurs that makes the resolution of the issue on appeal meaningless, the

---

[1] *Commonwealth Cabinet for Health & Fam. Servs., Dep't for Medicaid Servs. v. Sexton ex rel. Appalachian Reg'l Healthcare, Inc.*, 566 S.W.3d 185, 192 (Ky. 2018) ("All Kentucky courts have the constitutional duty to ascertain the issue of constitutional standing, acting on their own motion, to ensure that only *justiciable causes* proceed in court, because the issue of constitutional standing is not waivable." (emphasis added)).

[2] *Benton v. Clay*, 233 S.W. 1041, 1042 (Ky. 1921) ("A 'moot case' is one which seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a *then* existing controversy." (citation omitted)).

appeal should be dismissed as moot.[3]  That is the case here.  Hummel's original action in the Court of Appeals aimed to force the trial court to rule on his post-conviction motions.  And the trial court did rule on Hummel's pending motions before the Court of Appeals could take up his writ request.  So the issue before the Court of Appeals was resolved such that a ruling by that court would have no practical legal effect.  The Court of Appeals ruled correctly, and we affirm their ruling.

## III. CONCLUSION

Accordingly, we affirm the Court of Appeals' holding that Hummel's petition for a writ of mandamus is moot.

All sitting.  All concur.

---

[3] *Louisville Transit Co. v. Dep't of Motor Transp.*, 286 S.W.2d 536, 538 (Ky. 1956); *see also Choate v. Koorsen Protective Servs., Inc.*, 929 S.W.2d 184, 184 (Ky. 1996).