RENDERED: JULY 19, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1226-MR

MELANIE BARKER AND ABC
CHILDREN'S ACADEMY                                    APPELLANTS


                    APPEAL FROM WARREN CIRCUIT COURT
v.            HONORABLE CHRISTOPHER T. COHRON, JUDGE
                    ACTION NO. 23-CI-00712


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; CHRISTY
TROXELL, PROGRAM BRANCH
MANAGER; MELISSA A. MOORE,
OIG, DRCC DIRECTOR; THERESA
HARVEY, REGIONAL PROGRAM
MANAGER; AND WESLEY DUKE,
STATE'S ATTORNEY GENERAL
COUNSEL                                                  APPELLEES


OPINION
AFFIRMING THE WARREN CIRCUIT COURT
AND DISMISSING THE APPEAL

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND EASTON, JUDGES.

COMBS, JUDGE:  Appellants, Melanie Barker and ABC Children's Academy, appeal from an Order of the Warren Circuit Court dismissing their complaint for failure to state a claim upon which relief can be granted.  For the reasons set forth below, we affirm that dismissal and we also dismiss this appeal.

Appellant, Melanie Barker, is owner and director of ABC Children's Academy, a licensed childcare center subject to the jurisdiction of the Cabinet for Health and Family Services.  KRS[1] 199.896.

Barker and ABC Children's Academy filed a complaint and subsequently an amended complaint against Defendants, Commonwealth of Kentucky; Cabinet for Health and Family Services; Office of Inspector General (OIG); Division of Regulated Childcare (DRRC); Northern Branch; Melissa A. Moore, Director of the OIG under the DRCC; Christy Troxell, Program Branch Manager of the OIG under the DRCC; Theresa Harvey, Regional Program Manager of the OIG under the DRCC; and Wesley Duke, State's Attorney General Counsel.

Plaintiffs alleged that "Defendants have committed Civil Harassment under KRS 525.070 and are liable for damages under that statute as extended . . . via KRS 446.070."  Plaintiffs also alleged that the Defendant Cabinet was

---

[1] Kentucky Revised Statutes.

vicariously liable for harm caused by the acts of its agents, Defendants Moore,

Troxell, and Harvey.  Additionally, Plaintiffs sought punitive damages.

Defendants filed a motion to dismiss on grounds that the complaint

failed to state a claim upon which relief can be granted and that each defendant is

entitled to immunity.  In their motion, Defendants explained as follows:

> The Division of Regulated Child Care (DRCC) is a
> subset of the Office of the Inspector General assigned to
> issue licenses, perform inspections, and conduct
> investigations to confirm licensed childcare centers are
> operating within the regulations promulgated by the
> Department for Community Based Services, Division of
> Child Care (DCC).  The regulations are designed to
> ensure the safety and well-being of children in the care of
> childcare centers . . . .  See *e.g.* 922 KAR[2] 2:280:922
> KAR 2:120.
>
> In September 2020, . . . Barker founded the
> Kentucky Association of Child Care Owners
> (KACCO). . . .  The corporate filings specify the entity is
> run by its members; Plaintiff is the only listed member.
> The organization collects payment in the form of dues
> from persons wishing to join. . . .
>
> The central activities of the organization appear to
> revolve around Plaintiff attempting to intervene on behalf
> of its members when cited for deficiencies and/or
> lobbying Cabinet employees to change its policies. . . .
> Plaintiff's preferred tactic is to inundate Cabinet
> employees with a barrage of emails, phone calls, and text
> messages.  It is not unusual . . . to receive three or more
> emails from Plaintiff in a single day related to inspections
> or investigations at other childcare centers; the vast
> majority . . . while her childcare center is open between

---

[2] Kentucky Administrative Regulations.

6:30 a.m. and 5:30 p.m. It is reasonable to suspect Plaintiff is operating a nonprofit entity from inside her licensed childcare center during business hours while children are present.

922 KAR 2:090 §10(1)(c) provides "A director shall . . . [n]ot be employed in a position other than an onsite child care director, or director of multiple facilities, during the time the center is in operation." The regulation is simple; its purpose obvious. Directors serve a critically important role in a childcare center. The rule is aimed at ensuring the person serving this role is focused on her duties of providing for the safety and well-being of children while they are present.

Since 2020, as a result of the above, the Cabinet grew increasingly concerned Plaintiff and the childcare center are operating in violation of 922 KAR 2:090 §10(1)(c). The Cabinet ultimately opened an investigation, but eventually determined it would not cite Plaintiff for a regulatory violation.

(Footnote omitted.)

Defendants argued that Plaintiffs failed to state a claim upon which relief may be granted. They also contend they are entitled to immunity -- sovereign immunity, absolute quasi-judicial immunity, and qualified official immunity.

By Order entered on September 13, 2023, the court granted Defendants' motion and ordered the case dismissed with prejudice. The court concluded that the complaint must be dismissed for failure to state a claim upon which relief may be granted. The court also concluded that Plaintiff, ABC

-4-

Children's Academy, did not have standing to assert claims on behalf of its agents for personal injury. Additionally, the court concluded that the Commonwealth is immune from civil liability in this case. It held that "[b]ecause Plaintiff failed to specify whether the Defendants are being sued in their individual or representative capacity for the actions of the Cabinet[,] the court must treat this complaint as a suit against the agency itself and dismiss the case because it is barred by sovereign immunity." The court concluded that each individual defendant should be protected by the same immunity as the Commonwealth. The court dismissed the complaint "against each individual defendant, because they are all entitled to absolute quasi-judicial immunity for the initiation of an investigation conducted by the Commonwealth." The court also concluded that each individual is entitled to qualified official immunity.

Barker and ABC Children's Academy now appeal. In their Prehearing Statement, Appellants identified **only one issue** to be raised on appeal -- whether the state OIG/DRCC workers are entitled to qualified immunity. In response to the question whether the appeal will turn on interpretation or application of a particular case or statute, Appellants responded "☑ Yes . . . Qualified immunity."

Nonetheless, Appellants have raised multiple issues in their brief. First, they argue that "the record lacks substantial evidence that [the trial] court

adjudicated the matter based on its duty to make findings in accordance with its own weighing of the evidence presented by the parties[.]" Next, Appellants argue: that the Commonwealth or Cabinet employees do not have sovereign immunity; that the absolute immunity defense is not available to the Defendants in question; and that the defense of qualified immunity is inapplicable. Appellants' final argument is that the Defendants' "failure to state a claim argument is without merit as it is not supported by the record . . . ."

In their brief, Appellees contend the appeal should be dismissed as moot in reliance on RAP[3] 22. We agree. RAP 22(C)(2) provides that "A party shall be limited on appeal to issues identified in the prehearing statement, except that upon a timely motion demonstrating good cause, the Court of Appeals may permit additional issues to be raised." No such motion was filed in the case before us. Issues not raised in the mandatory prehearing statement are not subject to our review. Thus, the appeal is moot by definition.

> A moot case is one which seeks to get a judgment . . . upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then existing controversy. As falling within that category it is well established that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed.

---

[3] Kentucky Rules of Appellate Procedure.

*Hudspeth v. Commonwealth*, 204 Ky. 606, 265 S.W. 18, 18-19 (1924) (emphasis

added). Such is the case here, and we must dismiss this appeal as moot.

Additionally, we affirm the dismissal of this case by the trial court

based on CR[4] 12.02 for failure of the Plaintiffs (now Appellants) to state a claim

upon which relief can be granted.

To summarize, we affirm the CR 12.02 dismissal of this case by the

trial court, and we dismiss this appeal as moot.


ALL CONCUR.


BRIEF FOR APPELLANTS:

David L. Drake
Independence, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY, CABINET FOR
HEALTH AND FAMILY
SERVICES:

Peyton Sands
Frankfort, Kentucky

---

[4] Kentucky Rules of Civil Procedure.