### TEXAS & P. RY. CO. v. THOMPSON et al.* (No. 9630.)

(Court of Civil Appeals of Texas. Dallas. May 1, 1926. Rehearing Denied July 3, 1926.)

**1. Pleading ☞339—Plaintiff, injured in train collision, held not to abandon general allegation of negligence by alleging specific acts of negligence in succeeding paragraphs.**

Plaintiff, injured in train collision, *held* not to abandon general allegation of railroad's negligence in allowing trains to collide, set out in one paragraph in petition, by setting out specific allegations of negligence in succeeding paragraphs.

**2. Pleading ☞207.**

General allegation of negligence that railroad was negligent in allowing trains to collide, though bad as against special exception, *held* good as against general demurrer.

**3. Carriers ☞320(21)**

Evidence *held* sufficient to raise issue of defendant's negligence in respects alleged, in passenger's action against railroad for personal injuries received in head-on collision.

**4. Appeal and error ☞263(1)—Assignment relative to general terms in which issue of negligence was submitted cannot be considered, where no exception was reserved (Rev. St. 1925, art. 2184.)**

Assignment relative to general terms in which issue of negligence was submitted cannot be considered, where no exception was reserved, since in such case appellant is presumed to have acquiesced in manner in which it was submitted, in view of Rev. St. 1925, art. 2184.

**5. Damages ☞132(1)—$8,000 held not excessive, where reasonably healthy woman was unable after injury to do any work and suffered from severe heart affection, which confined her to bed for most of time.**

$8,000 damages *held* not excessive, where reasonably healthy woman, who had, however, been suffering from enlarged heart, was unable after injury in train collision to do any work, and suffered from severe heart affection which confined her to bed for most of time.

**6. Trial ☞234(9)—Instruction to exclude prior infirmity from consideration in estimating damages for personal injuries held not to authorize recovery for prior affliction.**

Where, in personal injury action, evidence showed that plaintiff previously suffered from enlarged heart, instruction to "exclude the same for consideration in estimating" damages *held* not to exclude evidence for any purpose or authorize recovery for prior affliction, but to mean that infirmity existing before injury should not be considered as element of damage.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Action by Mrs. V. C. Thompson and husband against the Texas & Pacific Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Wynne & Wynne, of Wills Point, for appellant.

Edwards & Hughes, of Tyler, for appellees.

JONES, C. J. V. C. Thompson and his wife, Mrs. V. C. Thompson, in a suit as joint plaintiffs, recovered judgment in the district court of Van Zandt county against appellant, Texas & Pacific Railway Company, in the sum of $8,000, as damages for personal injuries received by Mrs. Thompson while she was a passenger on one of appellant's trains. An appeal has been duly perfected to this court. For convenience, Mrs. Thompson will be hereinafter referred to as appellee.

On the occasion in question, appellee had become a passenger on appellant's train, and was proceeding from her home in Van Zandt county to the city of Dallas. About 7 miles out from the Union Terminal Station in said city, while the train on which appellee was a passenger was passing T. & P. Junction, a head-end collision occurred between said train and one of appellant's freight trains, and, as a result, appellee sustained serious and permanent injuries. At said T. & P. Junction appellant's east-bound trains passed upon a terminal track owned by the Southern Pacific Railway Company, but on this portion of said track, unless in an exceptional case, only appellant's trains were operated. All of appellant's regular in-coming trains

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 10, 1926.

were operated on this terminal track into said Union Terminal Station, and all of appellant's east-bound out-going trains from said station were operated on this track to said T. & P. Junction, where they entered upon appellant's track. While appellant's trains were on this terminal track they were operated under train orders issued by dispatchers in the service of the Southern Pacific Railway Company. At the time in question, appellant had a telegraph operator at Orphans' Home, three miles east of T. & P. Junction. The telegraph operator at T. & P. Junction was in the joint service of appellant and said Southern Pacific Railway Company. The latter company had a telegraph operator at Briggs and at Metzger's, distant about one and four miles, respectively, west of said T. & P. Junction. The collision occurred at about 8:25 a. m. on February 23, 1925. Semaphores are maintained and operate at all of these stations except Orphans' Home. The operator at T. & P. Junction was informed of the time of the arrival of the passenger train at Orphans' Home and of the time of the arrival of the freight train at Metzger's. Under the direction of said operator, the engineer and conductor of the passenger train were each issued a warning card at Orphans' Home, directing the train to approach T. & P. Junction under control, expecting to find the freight train in block at said junction on main line, backing in. A similar warning card was handed by said operator to the engineer at T. & P. Junction, and the operator was waiting to hand a copy of this warning to the coductor from the rear of the train when it reached him, when the collision occurred. The said operator, when he left his desk on the arrival of said passenger train to deliver said warning cards, did not look to see whether the east-bound freight train had shown up or not, and the first attention he gave to see whether said train was approaching his station was after he heard the collision. This collision occurred bout 2½ car lengths west of the station at T. & P. Junction. The speed of the passenger train at the time of the collision was placed by the said operator at 7 miles an hour, and by a passenger on the train at 15 miles per hour.

The petition alleged that:

"Defendant, its said agents and servants, were guilty of the following negligent acts which, acting alone and concurrently, proximately caused said wreck and injuries to said plaintiff as hereinafter alleged:

"(1) Defendants, its agents and servants in charge of the operation and movement of said train, whereupon plaintiff was riding as its passenger, negligently caused, suffered, and allowed the said two trains to run on the same track in opposite directions, and negligently allowed, caused, suffered, and permitted the same to collide together, thereby causing said wreck and the plaintiff's injuries.

"(2) Defendant's said agents and servants, in charge of and directing the signals and signal contrivances along said track, negligently failed to so operate them as to stop said trains and avoid said head-on collision.

"(3) Defendant's said agents and servants operating said train whereupon plaintiff was a passenger, negligently failed to keep and maintain a reasonable and proper lookout and ascertain the approach of said other train in time to avoid said collision, which they could and would have done but for said negligence.

"(4) Defendant negligently caused, suffered, and permitted the brakes and breaking apparatus on said train whereupon plaintiff was a passenger to be and become dismantled, defective, and inefficient, so that the same would not be properly applied to stop said train to avoid said collision.

"(5) Defendant's said agents and servants negligently failed, by proper train orders or otherwise, to properly apprise the engine men and train crew of said train whereon plaintiff was its passenger of the fact that said other train was using said track and moving toward said train whereon plaintiff was a passenger in close proximity thereto.

"(6) Defendant's said agents and servants operating said engine negligently failed to apply the brakes on said engine and train whereon plaintiff was a passenger in time to cause the same to stop before said collision.

"(7) Defendant's said agents and servants in charge of its switches, switch and signal towers, and interlocking contrivances negligently permitted and caused said two trains to run on the same track in opposite directions in close proximity to each other, resulting in said head-on collision, and negligently failed to so operate said switches and contrivances as to prevent the same."

Appellant's pleading consisted of a general demurrer and a general denial. The case was tried to a jury, and, after the evidence was concluded, appellant requested peremptory instruction in its favor, which was denied. The court submitted appellee's claim of negligence on the part of appellant, as follows:

"Did the defendant company, its agents and servants, at the time and on the occasion in question, exercise that high degree of care and caution for the safety of plaintiff Mrs. V. C. Thompson which a very cautious and prudent person would have exercised for her safety under the same or similar circumstances?"

In connection with the submission of this issue, the court defined the degree of care owed by a carrier to its passenger, and submitted the following issue:

"Was the failure, if any, of the defendant company, its agents and servants, to exercise such high degree of care for the safety of plaintiff Mrs. V. C. Thompson the proximate cause of her injury, if any?"

In connection with the submission of this issue the court correctly defined "proximate cause." The jury answered both of these questions in the affirmative. The only objection urged by appellant to the manner in which these issues were submitted was that they

were confusing and misleading, in that the said questions, in different form, presented the same issue to the jury, and thereby placed prominence on the contention of appellee in the case, and were thereby confusing.

[1] Appellant assigns error on the refusal of the court to give its requested peremptory instruction. Its theory on this assignment is that, while appellee, in paragraph numbered 1 of that portion of the petition above set out, alleged negligence because appellant permitted the two said trains to collide, this is a mere general allegation of negligence, and must be considered as superseded by the specific allegations of negligence made in the six succeeding paragraphs, that appellee's right of recovery must be restricted to these specific allegations of negligence, and that the evidence failed to raise the issue of any one of said specific allegations of negligence.

[2, 3] We cannot agree with the contention that appellee abandoned the general allegation of negligence as set forth in said first paragraph of her petition. The paragraphs are separately numbered, and each is alleged as a distinct ground of negligence, and recovery sought on each ground. While the allegation of negligence is in general terms and would have been bad as against a special exception, it is nevertheless good as against a general demurrer, and the petition on its face shows conclusively that appellee did not intend to abandon this said allegation. Nor do we agree with appellant that the evidence, as above set out, does not raise the issue of negligence on several of the specific grounds alleged. Even if said general allegation of negligence be considered as abandoned, it would have been error for the court to have given the requested instruction.

[4] Appellant also assigns error because of the general terms in which the issue of negligence is submitted. This assignment cannot be considered, because no exception was reserved to the manner in which such issue was submitted to the jury. In the absence of objection, appellant is presumed to have acquiesced in the manner in which this issue was submitted. Tex. Elec. Ry. Co. v. Crump (Tex. Civ. App.) 212 S. W. 827; St. L. S. W. Ry. Co. v. Ewing (Tex. Com. App.) 222 S. W. 198; article 2184, 1925 Revised Statutes.

Special issue No. 4, submitted by the court, reads:

"What amount of money, if paid now, will fairly and reasonably compensate the plaintiff Mrs. V. C. Thompson for such injuries, if any, as the evidence may show that she sustained on the occasion in question as the direct and proximate result of negligence, if any, on the part of the defendant, its agents or servants?"

[5, 6] In connection with this issue, the court submitted the usual measure of damages given in such cases to guide the jury in arriving at the amount they would fix in answer to this special issue. The evidence in the case tended to show that appellee had been suffering from an enlarged heart for a number of years previous to the occurrence in question, but that up to the time of the injury she had been a reasonably healthy woman, doing her housework, consisting of taking care of rooms for persons rooming at her house, milking, washing, ironing, and other work; that after the injury she was unable to do any work and was suffering from very severe heart affection, which would prevent her from ever doing any of the work she had theretofore done, and which caused her to be confined to her bed for most of the time. There was medical testimony ascribing her condition to the injury received. Because of the issue of the aggravation of her heart trouble, the court gave the following charge in connection with the measure of damages:

"The evidence shows that, at and before the time of the collision in question, the plaintiff Mrs. V. C. Thompson was afflicted by physical infirmity or infirmities, and you are instructed that you shall exclude the same for consideration in estimating the amount required to reasonably compensate for the injury, if any, which she received at said time; but you may take into consideration any aggravation or increase of any such physical infirmity resulting to plaintiff Mrs. V. C. Thompson at the time of said collision, and due solely by reason of negligence on the part of the defendant company, its agents or servants, if any existed, and, in estimating the amount reasonably required to compensate for the injury, if any, which Mrs. V. C. Thompson received at the time in question, you may take into consideration such aggravation or increase of the infirmity or infirmities which existed at the time of the collision, if any there was."

This charge was excepted to on the ground that, when "taken in connection with the remainder of the charge of the court, it might lead the jury to conclude that the plaintiff was entitled to recover both for the injuries before and after the alleged injuries." We do not think this charge is subject to such criticism. The jury must have concluded from this charge that they could not consider any diseased condition or infirmity of appellee that existed previous to the injury as an element to be considered as damages, and could not have concluded, as contended by appellant, that the evidence as to previous disease and infirmity was excluded from consideration of the jury for any purpose. The assignment of error in respect to this issue is overruled.

Error is also assigned on the excessiveness of the verdict. While the verdict, $8,-000, considering the age of appellee, may be considered large, we cannot say that under the evidence it is excessive, and this assignment of error is overruled.

Finding no reversible error, it is the opinion of this court that this cause should be affirmed.

Affirmed.