**WINDSTREAM KENTUCKY WEST, LLC and Windstream Kentucky East, LLC, Appellants,**

v.

**KENTUCKY PUBLIC SERVICE COMMISSION; MCI Communication Services, Inc.; Bell Atlantic Communications, Inc.; NYNEX Long Distance Company, Inc.; TTI National, Inc.; Teleconnect Long Distance Services & Systems Company; and Verizon Select Services, Inc., Appellees.**

No. 2009–CA–001973–MR.

Court of Appeals of Kentucky.

Jan. 27, 2012.

As Modified Feb. 24, 2012.

Rehearing Denied March 13, 2012.

---

Robert C. Moore, Frankfort, KY, Kimberly K. Bennett, pro hac vice, Little Rock, AR, for appellants.

Helen C. Helton, J.E.B. Pinney, L. Allyson Honaker, Frankfort, KY, for appellee Kentucky Public Service Commission.

C. Kent Hatfield, Douglas F. Brent, Deborah T. Eversole, Louisville, KY, for appellee Verizon.

Before COMBS, MOORE, and NICKELL, Judges.

*OPINION AND ORDER*

COMBS, Judge:

Windstream Kentucky East, LLC, and Windstream Kentucky West, LLC, (collectively referred to as "Windstream"), appeal from a summary judgment of the Franklin Circuit Court entered October 19, 2009, in favor of Kentucky's Public Service Commission ("PSC"). The appellees filed a motion to dismiss, which was passed to the merits panel. We decline to consider the merits of the appeal. On principles of equity, we vacate the circuit court's declaratory judgment.

Under provisions of the Telecommunications Act of 1996, telecommunication companies seeking to enter a local telephone market are entitled to lease elements of the local telephone network from incumbent, monopolist companies. 47 U.S.C. § 251(c), *see also Verizon Communications, Inc., v. FCC,* 535 U.S. 467, 122 S.Ct. 1646, 152 L.Ed.2d 701 (2002). These provisions were aimed at eliminating the monopolistic posture redounding to and enjoyed by the successors of the American Telephone and Telegraph Company's local-exchange carriers. Pursuant to these provisions, long-distance carriers providing "interexchange services" pay to incumbent local-exchange carriers certain per-minute "switched access charges" whenever local-exchange carriers facilitate interexchange services (a long-distance telephone call) over their own local networks.

The Federal Communications Commission is charged with prescribing methods by which state utility commissions set "just and reasonable" rates for the sharing of intrastate network and transmission facilities.

In December 2007, several telecommunications companies (referred to collectively as "Verizon"), who were providing residential and commercial interexchange services

(including intrastate long-distance call service) in the Commonwealth, filed a petition with the PSC. They alleged that Windstream, an incumbent local-exchange carrier, charged "unreasonably high" intrastate switched-access rates. In January 2008, Windstream answered the petition and filed a motion to dismiss for lack of subject matter jurisdiction. Windstream contended that its rates are deemed just and reasonable under applicable Kentucky statutes. It also contended that access-rate reform should be the subject of a comprehensive effort involving **all** of Kentucky's incumbent local-exchange carriers that impose intrastate switched-access charges. It strenuously objected to the "piecemeal proceeding" aimed at a single telecommunications company. In an order rendered March 11, 2009, the PSC denied Windstream's motion to dismiss and concluded that an investigation into Windstream's switched-access rates was warranted and appropriate.

On March 31, 2009, Windstream filed a complaint against the PSC styled as Petition on Appeal and/or Original Action for Declaratory Relief. Windstream contended that the PSC had failed to consider whether it had subject matter jurisdiction over the matter that it intended to investigate. Windstream also contended that the PSC had denied Windstream due process by targeting its rates as a single company rather than launching into a comprehensive, nondiscriminatory, reform proceeding.

On April 21, 2009, the PSC filed a motion to dismiss based, in part, upon Windstream's failure to timely designate the record. Verizon filed a motion to intervene in the action. The Franklin Circuit Court construed Windstream's complaint as a petition for declaratory relief. It permitted Verizon's intervention, denied the PSC's motion to dismiss, and temporarily enjoined the PSC's investigation. On October 19, 2009, following a period of extensive briefing by the parties as well as oral argument, the circuit court entered its opinion and order.

The Franklin Circuit Court determined that the sole issue to be considered was whether the PSC had jurisdiction to review the rates charged by Windstream to other carriers for intrastate switched-access service or whether those rates were deemed just and reasonable by operation of law under the provisions of Kentucky Revised Statute (KRS) 278.543(6). The court concluded that Windstream was not statutorily exempt from the PSC's authority under that provision and that the PSC had jurisdiction to review Windstream's rates in order to determine whether its switched-access charges were just and reasonable.

Windstream filed a notice of appeal on October 21, 2009. The PSC's cross-appeal followed. Windstream filed motions to stay the circuit court's decision pending appeal, which were denied; and briefs on the merits of Windstream's appeal were eventually filed by the parties.

On December 16, 2010, Verizon filed a motion to dismiss Windstream's appeal. Verizon contended that the PSC had issued an order on November 5, 2010, closing the administrative proceeding underlying the appeal. Verizon argued that Windstream's action before the circuit court and its appeal to this court had sought to prevent the PSC from adjudicating Verizon's complaint regarding Windstream's rates. Therefore, Verizon contended that Windstream's appeal was now moot and that it should be dismissed.[1]

1. On May 16, 2011, the PSC's cross-appeal was dismissed.

Windstream filed a timely response to the motion to dismiss. It acknowledged that the PSC had closed the administrative proceeding underlying its appeal, but it explained that the PSC had initiated a separate proceeding in order to undertake a global investigation of the need for access-rate reform. Windstream contended that although all incumbent local-exchange carriers were now involved in a different proceeding, the same broad jurisdictional question concerning the PSC's authority to review its rates was again at issue. Windstream argued that its appeal is not moot since it is seeking the same "practical relief" that it sought prior to the PSC's decision to close the proceeding on Verizon's initial complaint. Response to Motion to Dismiss at 7.

■ An appellate court is required to dismiss an appeal when a change in circumstances renders the court unable to grant meaningful relief to either party. *Medical Vision Group, P.S.C. v. Philpot*, 261 S.W.3d 485 (Ky.2008), *citing Brown v. Baumer*, 301 Ky. 315, 321, 191 S.W.2d 235, 238 (1945). Since the PSC closed its administrative action against it, Windstream would not be entitled to any direct relief—even if it were to prevail in this appeal. Therefore, under the circumstances, we must conclude that the controversy is moot and no longer justiciable.

While Windstream argues that an opinion in its favor on appeal would afford it "practical relief" before the PSC in the **new** global administrative proceeding, we are not persuaded that this collateral consequence is sufficient to justify our review of the matter—again, as a matter of justiciability. Because of the PSC's disposition of the original proceeding, Windstream's only possible interest in this appeal is to establish a precedent that could affect the substantive outcome of the global administrative proceeding *now pending*. In essence, we are being asked to render an impermissible advisory opinion. Ky. Const. § 110; *Commonwealth v. Hughes*, 873 S.W.2d 828, 829–30 (Ky.1994) (citing *Brown v. Baumer*, 301 Ky. 315, 191 S.W.2d 235, 238 (1945)); *Medical Vision Group, P.S.C. v. Philpot*, 261 S.W.3d 485, 491 (Ky. 2008); *see also Kentucky High School Athletic Association v. Davis*, 77 S.W.3d 596, 599 (Ky.App.2002).

■ We also note the argument premised on the "capable of repetition yet evading review" exception to the mootness doctrine in this case. However, that exception is reserved for use only where the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot through normal processes. *Lexington Herald–Leader Co., Inc. v. Meigs*, 660 S.W.2d 658 (Ky.1983). Although the disputed issue is indeed capable of repetition, it most likely cannot evade future review. The circuit court's jurisdiction remains readily available to Windstream and to the other incumbent local-exchange carriers included in the PSC's global administrative proceeding; that is, if any carriers should choose to challenge the agency's jurisdiction in that proceeding. Accordingly, we hold that the exception to the mootness doctrine does not apply in this case.

■ Finally, we must explain our rather unusual ruling in vacating the circuit court's judgment. We did so pursuant to long-revered principles of equity. Windstream is entitled to *vacatur* in this matter since the PSC—by its own actions—caused the case to become moot pending appeal. As the prevailing party, the PSC cannot unilaterally seek to deprive the appellant of an opportunity for review of its claim while preserving for itself the benefit of the judgment. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513

U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994).

The passed motion of the PSC for us to decline to consider the merits of the appeal is GRANTED. The declaratory judgment of the Franklin Circuit Court is VACATED. And the appeal is hereby DISMISSED as moot.

ALL CONCUR.