TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

2016-SC-000642-TG DATE 10/10/17 Kim Redmon, DC
(2016-CA-0001748-MR)

MATTHEW G. BEVIN, (IN HIS OFFICIAL                    MOVANT
CAPACITY AS GOVERNOR OF THE
COMMONWEALTH OF KENTUCKY)


V.          ON APPEAL FROM FRANKLIN CIRCUIT COURT
            HONORABLE PHILLIP J. SHEPHERD, JUDGE
                    NO. 16-CI-00738


ANDY BESHEAR, (IN HIS OFFICIAL                     RESPONDENT
CAPACITY AS ATTORNEY GENERAL OF
THE COMMONWEALTH OF KENTUCKY)


## ORDER DISMISSING

We granted transfer from the Court of Appeals of Governor Matthew G.
Bevin's appeal from the circuit court's final judgment and grant of permanent
injunctive relief. The circuit court sustained the Attorney General's challenge to
the Governor's authority under Kentucky Revised Statute (KRS) 12.028 to
abolish and reorganize the University of Louisville Board of Trustees and
permanently enjoined the Governor from implementing the Executive Orders
issued June 17, 2016, in connection with his effort.

After thorough review of the briefs and an oral argument, we hold that
intervening statutory law enacted by the General Assembly has rendered moot
the legal issues decided by the circuit court. We dismiss the appeal and

remand the case to the circuit court with directions to dismiss the complaint with prejudice.

After entry of the circuit court's final order on October 21, 2016, the General Assembly passed and the Governor signed Senate Bill 12 on January 7, 2017. SB 12 superseded the disputed Executive Orders of June 17, 2016. It abolished the then-existing University of Louisville Board of Trustees and created a new board. Senate Bill 12 also changed the numerical structure of the board, required board members to be confirmed by the Senate, and increased the proportional share of racial-minority members who sit on the board.

Following passage of Senate Bill 12, the General Assembly enacted companion legislation. Senate Bill 107 was introduced on March 15, 2017, and the Governor signed it on March 21, 2017. Because Senate Bill 107 contained an emergency clause, it became effective immediately upon signature by the Governor. Senate Bill 107 provides a specific statutory path for a governor to disband and reconstitute a university's governing board and creates a process for the removal of individual members of a university's governing board.

We do not decide moot cases because the role of our Court is not to give advisory opinions.[1] This Court indulged in an in-depth analysis of the mootness doctrine in *Morgan v. Getter.*[2] *Getter* provides a thorough examination of the jurisprudential approach taken in Kentucky with regard to the mootness doctrine. And while we discuss multiple exceptions to the mootness doctrine in

---

[1] *Morgan v. Getter,* 441 S.W.3d 94 (Ky. 2014) (*quoting Louisville Transit Company v. Department of Motor Transportation,* 286 S.W. 536, 538 (Ky. 1956)).

[2] *Morgan v. Getter,* 441 S.W.3d 94 (Ky. 2014).

2

*Getter*, the one requiring discussion today is the "capable of repetition yet evading review" exception.[3]

For the capable-of-repetition-yet-evading-review exception to apply, two elements must be met. First, "the challenged action must be too short in duration to be fully litigated prior to its cessation or expiration."[4] And second, "there must be a reasonable expectation that the same complaining party will be subjected to the same action again."[5] Because the General Assembly passed both Senate Bills 12 and 107, it has displaced KRS 12.028 as it applies to the facts before us today.

Senate Bill 107 requires that the Governor receive input from the Council on Postsecondary Education on removal of university-board members and, like Senate Bill 12, requires any gubernatorial appointees to a university board be confirmed by the Senate. As a result, the newly enacted specific statutory path controls over KRS 12.028.[6] Because the new statutory path controls the

---

[3] In *Getter* we addressed the four most recognized exceptions to the mootness doctrine: (1) capable of repetition yet evading review; (2) the public interest exception; (3) the voluntary cessation exception; and (4) the collateral consequences exception.

[4] *Id.* (*citing Philpot v. Patton*, 837 S.W.2d 491 (Ky. 1992)).

[5] *Id.*

[6] "...Kentucky follows the rule of statutory construction that the more specific statute controls over the more general statute." *Light v. City of Louisville*, 248 S.W.3d 559, 563 (Ky. 2008); *see Withers v. University of Kentucky*, 939 S.W.2d 340 (Ky. 1997); *City of Bowling Green v. Board of Education of Bowling Green Independent School District*, 443 S.W.2d 243 (Ky. 1969). This Court reaffirmed that principle in 2013 with *Abel v. Austin* when we stated, "where there is both a specific statute and a general statute seemingly applicable to the same subject [the rule] is that the specific statute controls." *Abel v. Austin*, 411 S.W.3d 728, 738 (Ky. 2013) (citing *Parts Depot, Inc. v. Beiswenger*, 170 S.W.3d 354, 361 (Ky. 2005)) (quoting *Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814, 819 (Ky. 1992)). Further, "where an apparent conflict in statutes exists, the 'later statute is given effect over an earlier statute.'" *Bowling v. Kentucky Dep't of Corr.*, 301 S.W.3d 478, 491 (Ky. 2009) (quoting *Troxell v. Trammell*, 730 S.W.2d 525, 528 (Ky. 1987)).

governor's actions, the second element for the capable-of-repetition-yet-evading-review exception necessarily fails, because any future attempt to reorganize university boards must follow a new and distinct statutory scheme. It is for this reason—a deliberate action by the General Assembly intervening to provide greater clarity of law—that the case today is moot.

Accordingly, the Court ORDERS the case is dismissed as moot and remanded to the circuit court with directions to dismiss the action with prejudice.

All sitting. All concur.

ENTERED: September 28, 2017.

_____
CHIEF JUSTICE JOHN D. MINTON, JR.

4