RENDERED: DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1419-MR

DANIEL CAMERON, IN HIS
OFFICIAL CAPACITY AS
KENTUCKY ATTORNEY GENERAL　　　　　　　　　　APPELLANT


|  | APPEAL FROM FRANKLIN CIRCUIT COURT |
|---|---|
| v. | HONORABLE THOMAS D. WINGATE, JUDGE |
|  | ACTION NO. 22-CI-00298 |


ALLISON BALL, IN HER OFFICIAL
CAPACITY AS KENTUCKY STATE
TREASURER; ANDY BESHEAR, IN
HIS OFFICIAL CAPACITY AS
GOVERNOR OF THE
COMMONWEALTH OF KENTUCKY;
HOLLY M. JOHNSON, IN HER
OFFICIAL CAPACITY AS
SECRETARY OF THE FINANCE &
ADMINISTRATION CABINET;
LEGISLATIVE RESEARCH
COMMISSION; MATTHEW KOCH,
IN HIS OFFICIAL CAPACITY AS CO-
CHAIR OF THE LEGISLATIVE
RESEARCH COMMISSION'S
GOVERNMENT CONTRACT
REVIEW COMMITTEE; AND
STEPHEN MEREDITH, IN HIS
OFFICIAL CAPACITY AS CO-CHAIR
OF THE LEGISLATIVE RESEARCH

COMMISSION'S GOVERNMENT
CONTRACT REVIEW COMMITTEE                                    APPELLEES

AND


NO. 2022-CA-1490-MR


ALLISON BALL, IN HER OFFICIAL
CAPACITY AS KENTUCKY STATE
TREASURER                                                   APPELLANT



APPEAL FROM FRANKLIN CIRCUIT COURT
v.          HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 22-CI-00298



ANDY BESHEAR, IN HIS OFFICIAL
CAPACITY AS GOVERNOR OF THE
COMMONWEALTH OF KENTUCKY;
DANIEL CAMERON, IN HIS
OFFICIAL CAPACITY AS
KENTUCKY ATTORNEY GENERAL;
HOLLY M. JOHNSON, IN HER
OFFICIAL CAPACITY AS
SECRETARY OF THE FINANCE &
ADMINISTRATION CABINET;
LEGISLATIVE RESEARCH
COMMISSION; MATTHEW KOCH,
IN HIS OFFICIAL CAPACITY AS CO-
CHAIR OF THE LEGISLATIVE
RESEARCH COMMISSION'S
GOVERNMENT CONTRACT
REVIEW COMMITTEE; AND
STEPHEN MEREDITH, IN HIS
OFFICIAL CAPACITY AS CO-CHAIR
OF THE LEGISLATIVE RESEARCH

COMMISSION'S GOVERNMENT
CONTRACT REVIEW COMMITTEE                                    APPELLEES


OPINION
AFFIRMING IN PART,
AND VACATING IN PART
AND DISMISSING IN PART

** ** ** ** **

BEFORE: COMBS, JONES, AND MCNEILL, JUDGES.

COMBS, JUDGE: Attorney General Daniel Cameron and State Treasurer Allison

Ball appeal the summary judgment of the Franklin Circuit Court entered on

November 10, 2022, in favor of Governor Andy Beshear and Finance Secretary

Holly McCoy Johnson. We affirm in part and vacate and dismiss in part after our

review.

During its 2022 Regular Session, the Kentucky General Assembly

passed House Bill 248 and House Bill 388. These two statutory enactments are the

subject of this appeal.

House Bill (HB) 248[1] created a new section of KRS[2] Chapter 48

concerning the administration of the state budget. The provision prohibits

constitutional officers elected statewide (except the Attorney General) and any

---

[1] 2022 Ky. Acts ch. 195 (HB 248) (eff. Jan. 1, 2022).

[2] Kentucky Revised Statutes.

state official, employee, or agency (except the Department of Public Advocacy in a criminal matter) from expending appropriated funds to challenge or to support a challenge to the constitutionality of any legislative act or resolution of the General Assembly. Because an emergency was declared to exist, the provision was to take effect immediately upon its becoming law and was to apply retroactively from January 1, 2022.

The provisions of HB 388[3] addressed Kentucky's Model Procurement Code (KRS Chapter 45A) and amended those portions of the Kentucky Model Procurement Act related to review of executive branch contracts. HB 388 repealed and reenacted provisions of KRS 45A.705 to give the State Treasurer a role in the contract review process. Once again, an emergency was declared to exist, and the provision was to take effect immediately upon becoming law. Governor Beshear vetoed each bill in its entirety. The General Assembly overrode the vetoes, and the bills became law.

Governor Beshear and Finance Secretary Johnson filed a declaratory judgment action in Franklin Circuit Court. Attorney General Cameron, State Treasurer Ball, and others were named as defendants. Governor Beshear and the Finance Secretary alleged that the measures: unconstitutionally usurped the Governor's executive authority; unlawfully blocked access to the courts; and

---

[3] 2022 Ky. Acts ch. 205 (HB 388) (eff. Apr. 14, 2022).

wrongfully interfered with the function and authority of the Court of Justice. They sought a temporary restraining order and a declaration that the measures were unconstitutional.

On April 18, 2022, the Franklin Circuit Court entered an order temporarily restraining the Attorney General and State Treasurer from implementing the measures. After the parties filed their briefs and appeared for oral argument, the circuit court concluded that the challenged provisions were indeed unconstitutional. By order entered on November 10, 2022, the circuit court granted summary judgment to Governor Beshear and to Finance Secretary Johnson and issued a permanent injunction. This timely appeal followed.

On appeal, Attorney General Cameron challenges the trial court's decision with respect to HB 248. He argues that the trial court erred by failing to recognize that the challenged enactment is a proper exercise of the General Assembly's absolute power of the purse. Therefore, he contends that the measure does not violate provisions of the Kentucky Constitution.

With respect to the trial court's decision regarding HB 388, Attorney General Cameron and State Treasurer Ball contend that the issue was rendered moot by the passage of HB 329[4] during the General Assembly's 2023 legislative session. With HB 329, the legislature again amended the process of review for

---

[4] 2023 Ky. Acts ch. 141 (HB 329) (eff. Mar. 30, 2023).

executive branch contracts as set out in KRS 45A.705. They argue that the new statutory scheme addressed and overhauled key provisions that had been contested in the litigation below. Thus, they submit that our review of the prior legislation would result in our impermissibly rendering an advisory opinion as to issues that are now moot.

We agree that the new legislation rendered moot the issue decided by the circuit court in its judgment entered on November 10, 2022. We address the decision with respect to HB 388 first in our review.

## HB 388

The Kentucky Model Procurement Code governs the disposition of state property and applies to every expenditure of public funds by the Commonwealth (and every payment by contingency fee) under all contracts -- except those between the Commonwealth and its political subdivisions or other governments. KRS 45A.020. It imposes a host of requirements for state contracting. The Finance Secretary is empowered to adopt necessary administrative regulations and is expressly directed to "consider and decide matters of policy with regard to state procurement." KRS 45A.035. However, the General Assembly exercises some degree of oversight of state contracting through the Government Contract Review Committee (GCRC), a permanent committee of the Legislative Research Commission (LRC). KRS 45A.695.

Prior to 2021, whenever the GCRC determined that a contract was not needed or was inappropriate, it forwarded a "written notation of the reasons for its disapproval or objection" to the Finance Secretary. KRS 45A.705(5) (2009). The Finance Secretary then considered whether the contract should: (i) be revised "to comply with the objections of the committee," (ii) be cancelled, or (iii) remain effective as originally approved. KRS 45A.705(6) (2009).

In 2021, the General Assembly modified the contract review process pertaining to personal service contracts, tax incentive agreements, and memoranda of agreement. With Senate Bill (SB) 165,[5] a critical function of the Finance Secretary was replaced by the State Treasurer. The Finance Secretary had previously determined whether a particular contract to which the GCRC objected should be revised, canceled, or continued. Pursuant to the new statute, the "final determination" would instead be made by the State Treasurer. SB 165 §3 (6)(c).

The constitutionality of SB 165 was immediately challenged in Franklin Circuit Court, and the circuit court declared it invalid on procedural grounds. The court held that the General Assembly had violated the three-readings clause of Section 46 of the Kentucky Constitution. The General Assembly acted quickly to correct the procedural defect and then passed HB 388 in its 2022

---

[5] 2021 Ky. Acts ch. 151 §3 (SB 165) (eff. Jun 29, 2021).

legislative session. Subsequently, State Treasurer Ball's first appeal to this Court was dismissed as moot by our order entered August 19, 2022.

HB 388 reiterated and enacted the same changes as had SB 165. It designated the State Treasurer (instead of the Finance Secretary) to be the reviewer of the GCRC's determination as to whether a contract should be revised, canceled, or continued. Since the prior procedural defect was no longer at issue, this litigation challenged HB 388 on its merits. The circuit court determined that HB 388 was unconstitutional as an unlawful usurpation of the executive powers of the Governor.

The circuit court relied upon the reasoning of the Supreme Court of Kentucky in *Legislative Research Commission by Prather v. Brown*, 664 S.W.2d 907 (Ky. 1984). The *Brown* Court held a statute unconstitutional where it permitted the Administrative Regulation Review Subcommittee (a subcommittee of the LRC) to veto administrative regulations adopted by the executive branch. Prior to the enactment of the challenged statute, the subcommittee had merely made **recommendations** with respect to adopted regulations. The court observed that "[t]he adoption of administrative regulations necessary to implement and carry out the purpose of legislative enactments is executive in nature and is ordinarily within the constitutional [provision] of the executive branch of government." *Id.* at 919. Consequently, the court concluded that the enactment constituted an

unlawful legislative encroachment upon the authority of the executive branch in violation of the constitutional provisions on separation of powers. (Sections 27 and 28 of the KENTUCKY CONSTITUTION.)

With respect to HB 388, the Franklin Circuit Court determined that it infringed upon the Governor's executive authority and his constitutionally enumerated powers by revising the former advisory function of the GCRC to now give it final and binding authority with respect to executive branch contracts. The court concluded that provisions impairing the decision-making authority of the Finance Secretary, an executive branch appointee of the Governor, necessarily encroached upon power granted to the Governor by our Constitution. Cameron and Ball argued that the constitutionality of the measure was preserved by the availability of an appeal of the GCRC's decision to the State Treasurer. However, the court disagreed and concluded that that appeal procedure also circumvented the Governor's authority and discretion.

After entry of the circuit court's judgment on HB 388 (that is the subject matter of this appeal), the General Assembly passed HB 329 during its 2023 legislative session. HB 329 addressed and attempted to remedy the constitutional defects that had been identified by the Franklin Circuit Court in its summary judgment. Pursuant to the HB 329, the GCRC reviews all qualifying personal service contracts, tax incentive agreements, or memoranda of agreement.

-9-

If the GCRC objects to a contract, the GCRC "attach[es] a written notation of its *nonbinding recommendations*" to a copy of the contract, which is then sent to the Treasurer for review. HB 329 §1 (6)(b) (emphasis added). However, if the GCRC objects to any "contract necessary in the exercise of the enumerated powers specifically granted to the Governor pursuant to Sections 75 [through] 80 of the Constitution of Kentucky[,]" that objection is not sent to the Treasurer and has **no effect** on the contract. HB 329 §1 (6)(a). Similarly, a GCRC objection to "an emergency contract approved by the . . . Finance [Secretary] or his or her designee" is not sent to the Treasurer for review. For these two kinds of contracts, the GCRC's nonbinding recommendations are sent to the Finance Secretary just as had been done previously. HB 329 §1 (8). Upon reviewing nonbinding recommendations, the Finance Secretary can revise the contract, cancel it, or allow it to proceed as written -- again, just as had been done prior to the legislation. Governor Beshear vetoed the provision, the General Assembly overrode his veto, and the measure became law.

Governor Beshear and Finance Secretary Johnson immediately filed a complaint in Franklin Circuit Court against Attorney General Cameron, State Treasurer Ball, and others, alleging that this provision, too, was unconstitutional. In its order entered on May 24, 2023, the Franklin Circuit Court granted summary judgment to Governor Beshear and Secretary Johnson. Another timely appeal was

made to this Court, but that new appeal regarding HB 329 is not before us at this juncture. Our review is from the order of November 10, 2022, pertaining to HB 388.

A case is rendered moot when -- pending an appeal -- an event occurs which "would render the judgment that might be pronounced ineffectual[.]" *Morgan v. Getter*, 441 S.W.3d 94, 99 (Ky. 2014) (quoting *Louisville Transit Co. v. Dep't of Motor Transp.*, 286 S.W.2d 536, 538 (Ky. 1956)). Within our system of government, where a separation of powers is fundamental, our "role does not extend to the issuance of merely advisory opinions." *Id.* (citing *Commonwealth, Dep't of Corr. v. Engle*, 302 S.W.3d 60 (Ky. 2010)).

We endeavor to avoid rendering an opinion that decides an abstract proposition of law. If we were to review the circuit court's judgment with respect to the provisions of HB 388 and render an opinion, we would violate the very principles underlying the mootness doctrine. The provision enacted and challenged by Governor Beshear and Secretary Johnson in 2022 has been replaced by an amended measure. The new amended provision has been tested in the circuit court and is now the subject of a separate appeal in this Court. But in the case now before us, we are asked to scrutinize a provision that no longer exists.

Governor Beshear and Finance Secretary Johnson argue that the new legislation is merely an exercise in semantics and that it is not materially different

-11-

from the provisions of HB 388 examined by the trial court in its judgment entered on November 10, 2022. On this basis, it contends that the previous controversy is not moot. We disagree with this characterization of HB 329.

The modifications included in the new statute are not insignificant. In fact, they appear to have been enacted by the General Assembly in an attempt to cull or to avoid the specific constitutional infirmities identified by the circuit court in its judgment. The new legislation (HB 329) rendered moot the issues decided by the circuit court in its judgment entered on November 10, 2022, with respect to HB 388. Although an appeal has been filed with respect to HB 329, that appeal is not before us at this time.

Alternatively, Governor Beshear and Finance Secretary Johnson argue that the "capable of repetition yet evading review" exception to the mootness doctrine applies under the circumstances. They contend that we should render an opinion because a pattern of the General Assembly's various enactments reveals an unrelenting desire to strip the Governor of his constitutional authority. They argue that Governor Beshear has had to challenge enactments of the General Assembly time and again and that with respect to this specific issue, "[t]hree times is enough."

For the "capable of repetition yet evading review" exception to apply, two elements must be met. First, "the challenged action must be too short in

-12-

duration to be fully litigated prior to its cessation or expiration." *Bevin v. Beshear*, 526 S.W.3d 89, 90 (Ky. 2017); *Commonwealth v. Collinsworth*, 628 S.W.3d 82 (Ky. 2021); *Windstream Kentucky West, LLC v. Kentucky Public Service Comm'n*, 362 S.W.3d 357 (Ky. App. 2012), *as modified* (Feb. 24, 2012).  Next, "there must be a reasonable expectation that the same complaining party will be subjected to the same action again." *Bevin*, 526 S.W.3d at 90 (citation omitted).

The litigation satisfies neither requirement.  First, it is not capable of repetition.  The General Assembly's enactment of HB 329 substantially replaced the provisions challenged in HB 388.  The amended statutory scheme materially altered the process of executive contract review.  Consequently, the Finance Secretary and the Governor cannot be subjected again to the provisions of HB 388. It is simply a dead letter.  Moreover, as to duration, the General Assembly's amendments to statutes do not easily evade review because of "cessation or expiration."  They typically are subjected to scrutiny by way of litigation.  As observed above, the new amendments (HB 329) to the Model Procurement Code have already been challenged in court and are currently under review by a separate panel of this very Court.

Governor Beshear and Finance Secretary Johnson also argue that the voluntary cessation exception to the mootness doctrine also applies.  We disagree.

Under the voluntary cessation exception, an appeal may proceed despite a defendant's decision to stop the challenged activity. *Morgan*, 441 S.W.3d 94. The exception is grounded upon judicial disfavor of parties who evasively would manipulate mootness so as to frustrate the "public interest in having the legality of the[ir] practices settled." *Id.* at 99 (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S. Ct. 894, 97 L. Ed. 1303 (1953)).

Neither Attorney General Cameron nor Treasury Secretary Ball orchestrated the mootness of the litigation. That mootness wholly resulted from the activity of the General Assembly. Moreover, there is no indication that the General Assembly amended the challenged provision merely to manipulate mootness. Instead, the General Assembly addressed and remedied the specific constitutional infirmities identified by the circuit court in its judgment. Thus, the voluntary cessation exception does not apply.

In the event that we might conclude that the issue has been rendered moot and that no exception applies, Governor Beshear and Secretary Johnson argue that we should refrain from applying the equitable doctrine of *vacatur* to invalidate this portion of the trial court's judgment. We disagree.

The United States Supreme Court explained: "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance . . . ought not in fairness be forced to acquiesce in that ruling."

-14-

*Camreta v. Greene*, 563 U.S. 692, 712, 131 S. Ct. 2020, 2035, 179 L. Ed. 2d 1118 (2011) (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25, 115 S. Ct. 386, 130 L. Ed. 2d 233 (1994)). Instead, "[t]he equitable remedy of [*vacatur*] ensures that 'those who have been prevented from obtaining the review to which they are entitled [are] not . . . treated as if there had been a review.'" *Id.* (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S. Ct. 104, 95 L. Ed. 36 (1950)).

Again, the issue on appeal was not rendered moot by the actions of either Attorney General Cameron or State Treasurer Ball. Permitting the judgment against them to stand could arguably imply that they acquiesced in its holding or that it successfully survived judicial review. Under these circumstances, it would appear that Governor Beshear and Finance Secretary Johnson received a victory from the judgment rendered in their favor below and that Cameron and Ball suffered a defeat. *See Windstream Kentucky West, LLC*, 362 S.W.3d at 360-61. The fact remains that the judgment below -- by having been rendered moot by the subsequent acts of the General Assembly -- has lost all meaning **for either side** in the litigation. Nothing remains except for it to be erased or judicially nullified.

Consequently, *vacatur* is warranted.

Accordingly, we dismiss this portion of the appeal as moot and order that this portion of the judgment of the circuit court be vacated.

## HB 248

We turn now to HB 248. We are asked to review the circuit court's conclusion that its provisions are unconstitutional. To recapitulate, this measure prohibited elected statewide constitutional officers (except the Attorney General) and any state official, employee, or agency (except the Department of Public Advocacy in a criminal matter) from expending legislatively appropriated funds to challenge or to support a challenge to the constitutionality of any legislative act or resolution of the General Assembly.

In its summary judgment, the circuit court recognized that statutory enactments of our General Assembly enjoy a presumption of constitutionality. *Cornelison v. Commonwealth*, 52 S.W.3d 570 (Ky. 2001). "A constitutional infringement must be 'clear, complete and unmistakable' in order to render the statute unconstitutional." *Caneyville Volunteer Fire Dep't v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790, 806 (Ky. 2009) (citing *Kentucky Indus. Util. Customers, Inc. v. Kentucky Utils. Co.*, 983 S.W.2d 493, 499 (Ky. 1998)). The court also noted that Governor Beshear chose to mount a facial challenge (as distinguished from an "as applied" challenge) to HB 248 and that, therefore, he bore the burden to "establish that no set of circumstances exists under which the [statute] would be valid." *Williams v. Commonwealth*, 213 S.W.3d 671, 681 (Ky.

2006) (quoting *Rust v. Sullivan*, 500 U.S. 73, 183, 111 S. Ct. 1759, 1767, 114 L. Ed. 2d 233 (1991)).

The circuit court evaluated the provisions of HB 248 in light of Sections 14, 26, 27, 28, and 109 of the Kentucky Constitution. It concluded that on its face, HB 248 denied Governor Beshear (and all to whom it applies) access to the courts and that it violated the separation of powers doctrine. It rejected the argument of Attorney General Cameron that the individuals to whom the act applies are not actually precluded from seeking redress in the courts but are merely prohibited from expending state funds to do so. It also rejected his argument that the provision is an appropriation measure within the exclusive purview of the General Assembly.

On appeal, Attorney General Cameron argues that the circuit court erred in its summary judgment by failing to recognize the "plenary power" of the General Assembly to make public policy by restricting executive spending. He contends that the circuit court erred by concluding that the legislation violated the constitutionally mandated doctrine of separation of powers. We disagree.

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law." CR[6] 56.03.  The parties agree that there are no questions of material fact and that the court's judgment addresses only matters of law.  Consequently, upon our review, we do not defer to the judgment of the trial court's.  *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378 (Ky. 1992).  Instead, we review the decision *de novo.  Cumberland Valley Contrs., Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644 (Ky. 2007).

The doctrine of separation of powers provides an essential structural safeguard in our analysis of conflicts between and among the co-equal branches of our government.  *Fletcher v. Commonwealth*, 163 S.W.3d 852, (Ky. 2005).  Consequently, an allegation that legislation violates the doctrine of separation of governmental powers is appropriate for review.  In a facial challenge to its constitutionality, the provision is attacked at its root and in its every application.  *See Commonwealth v. Bredhold*, 599 S.W.3d 409 (Ky. 2020) (citing *Commonwealth v. Claycomb by & through Claycomb*, 566 S.W.3d 202 (Ky. 2018) (citations omitted); *Sabri v. United States*, 541 U.S. 600, 609, 124 S. Ct. 1941, 158 L. Ed. 2d 891 (2004)).  As the circuit court observed, we "'presum[e] that the challenged statutes were enacted by the legislature in accordance with constitutional requirements.'"  *Cameron v. Beshear*, 628 S.W.3d 61, 73 (Ky. 2021) (quoting *Beshear v. Acree*, 615 S.W.3d 780, 805 (Ky. 2020)).

---

[6] Kentucky Rules of Civil Procedure.

Kentucky's Constitution "contains explicit provisions which, on the one hand, *mandate* separation among the three branches of government, and on the other hand, specifically *prohibit* incursion of one branch of government into the powers and functions of the others." *Legislative Research Comm'n by and through Prather v. Brown*, 664 S.W.2d 907, 912 (Ky. 1984).

The provisions of our Constitution require a strict separation of governmental authority. *Id*.

Section 27 provides as follows:

The powers of the government of the Commonwealth of Kentucky shall be divided into three distinct departments, and each of them be confined to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another.

Section 28 provides as follows:

No person or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted.

Section 29 vests the legislative power in the General Assembly; Section 69 vests the executive power in the Governor. Section 109, as amended, establishes judicial authority in the Court of Justice. That demarcation of powers and functions was ably discussed by the Supreme Court of the United States as follows:

> The essential purpose of the separation of powers is to allow for independent functioning of each coequal branch of government within its assigned sphere of responsibility, free from risk of control, interference, or intimidation by other branches.

*Nixon v. Fitzgerald*, 457 U.S. 731, 760-61, 102 S. Ct. 2690, 2707, 73 L. Ed. 2d 349 (1982).

In the case now before us, the primary issue to be decided is whether HB 248 violates the principle of separation of powers by impermissibly interfering with Governor Beshear's exercise of his executive authority to administer government. We hold that it does.

The state budget provides the revenue for the Commonwealth and determines how that revenue shall be spent. *Brown*, 664 S.W.2d at 925. It "is fundamentally a legislative matter." *Id.* The budgeting process consists of two steps: (1) the appropriation of funds and (2) the expenditure of funds. *Commonwealth ex rel. Beshear v. Commonwealth Office of the Governor ex rel. Bevin*, 498 S.W.3d 355 (Ky. 2016). The first step consists primarily of the legislative appropriation process required by the Constitution. *Id.* at 369 (citing KY. CONST. § 230 ("No money shall be drawn from the State Treasury, except in pursuance of appropriations made by law . . . .")). An appropriation is "an authorization by the General Assembly to expend a sum of money." *Id.* (citing KRS 48.010). The General Assembly exercises plenary power over

appropriations. *Fletcher v. Commonwealth*, 163 S.W. 3d 852 (2005). (We also note, parenthetically, that **plenary** is not synonymous with **absolute**.) The second step of the budgeting process is the spending of money authorized in the appropriation. *Id.*

HB 248 does not make an appropriation. Instead, it is -- by its terms -- an act "relating to the *expenditure* of appropriated funds." (Emphasis added.)

Governor Beshear is chief executive of the Commonwealth. KY. CONST. § 69. Inherent in his responsibility for administering the executive branch of government is the authority to control how appropriated funds are allocated. Governor Beshear has comprehensive authority to direct the expenditure of funds appropriated to his office as he sees fit.

It is unnecessary for this Court to identify the breadth of the chief executive's authority to expend sums appropriated to his office as that issue is not before us. But he clearly has a special duty with respect to the law, and he alone is commanded by our Constitution to "take care that the laws be faithfully executed." KY. CONST. § 81. Where the General Assembly seeks to prohibit the Governor's expenditure of appropriated funds to challenge or to support a challenge to the constitutionality of any legislative act or resolution, the General Assembly undoubtedly intrudes upon the authority of the executive branch of government. The General Assembly has acted beyond the bounds of its constitutional authority

by attempting to prevent Governor Beshear from complying with his unique constitutional duties.

We acknowledge and agree that Attorney General Cameron is charged with representing the interests of the people of the Commonwealth. However, there could be instances where some endangered interests might not be identified or addressed by the office of the Attorney General. When and if the Governor believes that some legislative enactment may be unconstitutional (as, for example, this very litigation) or that some conduct may arguably be unlawful, he has both the authority and the duty to launch a challenge in order to fulfill his oath to ensure that the law is faithfully executed.

The General Assembly is not permitted to interfere with the executive's power to administer appropriated funds -- including a decision to choose to expend funds to mount a challenge to actions of the General Assembly that he perceives to be unconstitutional. HB 248 violates the doctrine of separation of powers by attempting to give the General Assembly excessive power to impede the Governor in performing his constitutionally mandated duties. To hold otherwise would be to disregard and jeopardize the critical balance between and among the **co-equal branches** of government. To hold otherwise would indeed be a violation of our sworn duty to preserve, protect, and defend our Constitution. The Kentucky Constitution commits the authority and the duty to run the executive

branch to the Governor. He has an obligation to see that the law is faithfully enforced. In order to do so, he must have the ability and the means to challenge the constitutionality of acts of the General Assembly. Therefore, we hold that HB 248 is an unconstitutional violation of the doctrine of separation of powers as set forth by Sections 27 and 28 of the Constitution of Kentucky.

In summary, with respect to HB 388, we vacate and declare void the judgment of the Franklin Circuit Court and dismiss that portion of this appeal pertaining to it. With respect to HB 248, we affirm the judgment of the Franklin Circuit Court.


ALL CONCUR.

BRIEFS FOR APPELLANT DANIEL
CAMERON:

Matthew F. Kuhn
Frankfort, Kentucky

Alexander Y. Magera
Frankfort, Kentucky

Harrison Gray Kilgore
Frankfort, Kentucky

BRIEF FOR APPELLANT ALLISON
BALL:

Brittany J. Warford
Frankfort, Kentucky

REPLY BREIF FOR APPELLANT
ALLISON BALL:

Lorran Hart Ferguson
Frankfort, Kentucky

BRIEF FOR APPELLEE
ANDY BESHEAR:

S. Travis Mayo
Frankfort, Kentucky

Taylor Payne
Frankfort, Kentucky

Laura C. Tipton
Frankfort, Kentucky

BRIEF FOR APPELLEE
HOLLY M. JOHNSON:

Brian C. Thomas
Frankfort, Kentucky

Mitchel T. Denham
Louisville, Kentucky