RENDERED:  DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0232-MR

CITY OF VANCEBURG, KENTUCKY                                  APPELLANT


APPEAL FROM LEWIS CIRCUIT COURT
v.        HONORABLE BRIAN CHRISTOPHER MCCLOUD, JUDGE
ACTION NO. 23-CI-00148


LEWIS COUNTY BOARD OF
EDUCATION                                                    APPELLEE


OPINION AND ORDER
DISMISSING

* * * * * *

BEFORE:  CETRULO, COMBS, AND EASTON, JUDGES.

CETRULO, JUDGE:  Appellant, City of Vanceburg ("City"), filed the above-styled appeal from a September 6, 2024 order of the Lewis Circuit Court dismissing its complaint for failure to obtain authorization of the city council to file suit.  The City had filed the suit without an open meetings vote of city council.  The City's mayor brought suit to collect taxes owed by Appellee, Lewis County

Board of Education.

The circuit court concluded, upon a motion to dismiss by the Board of Education, that the mayor had no such power to bring or dismiss suits without consent of the city council and without public vote being recorded in minutes open to the public. In so holding, the circuit court relied upon case law that was more than a century old and as such predated the current statutory scheme for city governments. After that dismissal, the City appealed. The issue as framed to this Court is simple. Can a mayor of a city operating under a mayor/council form of government as established by Kentucky Revised Statute ("KRS") 83A.130 commence litigation without the prior approval of city council? While this is obviously an issue of importance to city governments, it is not an issue that this Court can address in this case.

That is because while this appeal was pending, the City of Vanceburg refiled its complaint in Case No. 24-CI-00020, with the authorization of the city council. Furthermore, the circuit court has entered a dispositive order ruling in the City's favor on the merits in Case No. 24-CI-00020. Accordingly, this panel of the Court issued a show cause order as to why this appeal should not be dismissed as moot. The City of Vanceburg has responded to that order, essentially arguing that this is a matter of great importance and public interest and that there is a need for future guidance to cities throughout the Commonwealth.

> The general rule is, and has long been, that "where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed." *Louisville Transit Co. v. Dep't of Motor Transp.*, 286 S.W.2d 536, 538 (Ky. 1956); *Choate v. Koorsen Protective Services, Inc.*, 929 S.W.2d 184 (Ky. 1996); *Commonwealth, Kentucky Bd. of Nursing v. Sullivan Univ. Sys., Inc.*, 433 S.W.3d 341 (Ky. 2014). The concern underlying this rule as to mootness is ultimately the role of the courts within our system of separated powers, a role that does not extend to the issuance of merely advisory opinions. *Commonwealth, Dep't of Corr. v. Engle*, 302 S.W.3d 60 (Ky. 2010) (citing *In re: Constitutionality of House Bill No. 222*, 262 Ky. 437, 90 S.W.2d 692 (1936)).

*Morgan v. Getter*, 441 S.W.3d 94, 99 (Ky. 2014).

Of course, as with any general rule, there are exceptions, and those exceptions to the mootness doctrine are all analyzed in the *Morgan* case. Here, the City argues that the *capable of repetition, yet evading review* and/or public interest exceptions support this Court's issuing a ruling, even though the issuance of a ruling in this case would clearly be advisory only.

The *capable of repetition, yet evading review* exception "has two elements: (1) the challenged action must be too short in duration to be fully litigated prior to its cessation or expiration, and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again." *Morgan*, 441 S.W.3d at 100 (citing *Philpot v. Patton*, 837 S.W.2d 491 (Ky. 1992)). Here, the City's action does not satisfy the first element of the

*capable of repetition, yet evading review* exception. The full litigation of the City's claim did not expire because of the short duration of its subject matter, but, instead, a separate claim and favorable judgment regarding the same matter rendered the initial claim moot. *See id.* (citations omitted) (Some examples of cases that meet the first element of this exception include claims that arise from excluding the press from voir dire, which ends before a case can be fully litigated, and "district court bail-bond orders [that] are routinely of short duration[.]").

Likewise, the public interest exception does not apply to this case. When determining whether to invoke the public interest exception in a moot case, a court looks to see if the following elements are "clearly shown": whether "(1) the question presented is of a public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question." *Beshear v. Goodwood Brewing Company, LLC*, 635 S.W.3d 788, 801 (Ky. 2021) (quoting *Morgan*, 441 S.W.3d at 102). While the City's claim may satisfy the first and second elements, we are not convinced that the City clearly showed the third element. *See id.* The City does not point us to any modern cases addressing this issue, but only points us to cases from over 100 years ago. As such, we cannot agree there is a high "likelihood of future" cases addressing the issue. *See id.*

Further, we note again that "[t]he concern underlying [the general mootness rule] is ultimately the role of the courts within our system of separated powers, a role that does not extend to the issuance of merely advisory opinions." *Morgan*, 441 S.W.3d at 99. In the absence of the City clearly showing and satisfying all of the public interest exception elements, we decline to invoke the exception and "step into the prohibited role of rendering an advisory opinion." *Berger Family Real Estate, LLC v. City of Covington*, 464 S.W.3d 160, 169 (Ky. App. 2015).

In *Newkirk v. Commonwealth*, 505 S.W.3d 770, at 774 (Ky. 2016), the Court declined to address an issue after a change in circumstances that rendered all underlying issues moot, noting that any judicial opinion would have been purely advisory because it could have no effect upon any "*then* existing controversy." Again, in *Bevin v. Beshear*, 526 S.W.3d 89 (Ky. 2017), our Supreme Court restated the general rule against courts' issuing advisory opinions.

Here, there is no relief that this Court can grant since the City simply refiled the identical complaint that was previously dismissed, but now with council approval. The circuit court has now ruled on all issues presented by that complaint, and that ruling could be subject to appeal, but there are no issues remaining for resolution on the original case appealed to this Court. Accordingly, we dismiss as moot the appeal from the Lewis Circuit Court.

ALL CONCUR.

ENTERED: December 6, 2024

_Susanne M. Cetrulo_
JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANT:

R. Stephen McGinnis
Greenup, Kentucky

BRIEF FOR APPELLEE:

Benjamin L. Harrison
Vanceburg, Kentucky